780 So.2d 530 (2001)
Elaine ROMERO
v.
CHARTER BEHAVIORAL HEALTH SYSTEM OF LAKE CHARLES, et al.
No. 00-1108.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
Philip Shaheen, Jr., Baton Rouge, LA, Counsel for Plaintiff/Appellant Elaine Romero.
Marc W. Judice, Judice & Adley, Lafayette, LA, Counsel for Defendant/Appellee Charter Behavioral Health System of Lake Charles.
Stephen A. Berniard, Jr., Raggio, Cappel, Chozen & Berniard, Lake Charles, LA, Counsel for Defendants Charlotte Sonnier, Jason Ballard.
Court composed of DOUCET, Chief Judge, SULLIVAN, and GREMILLION, Judges.
SULLIVAN, Judge.
Elaine Romero appeals the trial court's grant of summary judgment, arguing that summary judgment was improper, procedurally and on the merits. For the following reasons, we affirm.

*531 FACTS
Pursuant to an Order for Protective Custody, Elaine Romero was brought to Charter Behavioral Health System of Lake Charles (Charter) for evaluation and possible hospitalization for treatment. James Romero, Ms. Romero's husband, and Darrell Alston, her attorney, obtained another court order rescinding the Order for Protective Custody. While Ms. Romero was being examined by Dr. Nguyen, the second court order was delivered to Nurse Patricia Prince at Charter by Mr. Romero and Mr. Alston. Nurse Prince wrote and delivered a note to Dr. Nguyen regarding the second court order. Upon receipt of the note, Dr. Nguyen reviewed it, then continued with his examination. After completing the examination, Dr. Nguyen explained to Ms. Romero the contents of the note and handed it to her. Thereafter, he left her in the examining room while he met with Mr. Romero and Mr. Alston. While Dr. Nguyen was with the two gentlemen, Ms. Romero attempted to leave the hospital, but the doors were locked. She asked Nurse Prince to unlock the doors. Nurse Prince responded that she could not open the doors. Dr. Nguyen completed his conference with Mr. Romero and Mr. Austin, then discharged Ms. Romero. According to Ms. Romero's testimony, approximately ten to fifteen minutes elapsed between the time Dr. Nguyen left her in the examination room and he discharged her from the hospital.
Ms. Romero sued her children who obtained the Order for Protective Custody, Charter, and Dr. Nguyen. Summary judgment was granted in favor of Dr. Nguyen on October 7, 1998. Charter filed exceptions of no cause of action and no right of action and a motion for summary judgment. By judgment dated April 28, 1999, the exception of no cause of action was granted, the exception of no right of action was denied, and the motion for summary judgment was granted, "except as to whether Nurse Prince should have released Elaine Romero following completion of Dr. Nguyen's examination." The April 28, 1999 judgment was designated as a final judgment as provided for by Articles 966(E) and 1915(B)(1) of the Code of Civil Procedure. The judgment was not appealed.
In November 1999, Charter re-urged the motion for summary judgment with regard to Nurse Prince. In response, Ms. Romero filed a motion to dismiss, an exception of res judicata, and a motion for sanctions, arguing that the April 28, 1999 judgment was subject to review only by suspensive or devolutive appeal. There was no appeal; thus, the judgment was final.
At the conclusion of the hearing on the re-urged motion for summary judgment, the trial court granted the motion and determined that Ms. Romero's motion to dismiss, exception of res judicata, and motion for sanctions were pretermitted by its ruling on the motion for summary judgment. Ms. Romero assigns the trial court's refusal to consider her motions and exceptions, as well as the grant of summary judgment regarding Nurse Prince, as error.

ROMERO'S MOTIONS AND EXCEPTION
In her motion to dismiss and exception of res judicata, Ms. Romero urges that certification of the April 28, 1999 judgment under La.Code Civ.P. art. 1915 was a final judgment which could only be modified on appeal. As previously noted, the April 28, 1999 judgment excepted Nurse Prince from the grant of summary judgment in favor of Charter. By excepting Nurse Prince from the grant of summary judgment, the trial court denied summary judgment in favor of Charter on that particular issue.
This court has addressed certification of a judgment under Article 1915 which denies summary judgment:
Although certification of a partial judgment granting a motion for summary *532 judgment is allowed under Article 1915, this does not authorize the certification of a judgment denying a motion for summary judgment. See Granger v. Guillory, 00-363 (La.App. 3 Cir. 4/26/00), 762 So.2d 640; Brown v. Coregis Insurance, 99-48, 99-49 (La.App. 1 Cir. 2/18/00), 752 So.2d 347.
S.S. v. State, 00-953, p. 2 (La.App. 3 Cir. 9/20/00), 771 So.2d 187, 188. Therefore, that portion of the April 28, 1999 judgment which effectively denied summary judgment in favor of Nurse Prince was not affected by the certification under Article 1915. Ms. Romero also argues that Charter cannot re-urge its motion for summary judgment regarding Nurse Prince. However, there is no prohibition against re-urging a motion for summary judgment. See Melton v. Miley, 98-1437 (La.App. 1 Cir. 9/24/99), 754 So.2d 1088, writ denied, 99-3089 (La.1/7/00), 752 So.2d 867; Young v. Dupre Transport Co., 97-0591 (La.App. 4 Cir. 10/1/97), 700 So.2d 1156. Ms. Romero's motion to dismiss and exception of res judicata are without merit.
Ms. Romero also assigns as error the trial court's refusal to consider her motion for sanctions; however, she does not brief this assignment. The Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4 provides that "[a]ll specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Accordingly, this assignment is deemed abandoned.

GRANT OF SUMMARY JUDGMENT
Appellate courts review summary judgments de novo, applying the same criteria as the trial court in deciding whether or not summary judgment should be granted. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Although summary judgments are now favored, the mover must still show the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
Ms. Romero's petition is not in the record, which was designated by the parties for the purposes of this appeal. However, it appears that her claim against Charter, as it pertains to Nurse Prince, is for false imprisonment. In its motion for summary judgment, Charter argues that Nurse Prince had no authority to allow Ms. Romero to leave the hospital until she was discharged by Dr. Nguyen. Ms. Romero argues that the court order rescinding the original court order was directed to Charter, not to Dr. Nguyen, and that Nurse Prince's failure to comply with her request to open the door was a violation of the court order.
We have reviewed the record and conclude that no genuine issue of material fact exists. Ms. Romero asserts that a genuine issue of material fact exists because the following questions have not been answered: "Was Nurse Patricia Prince obligated, pursuant to the Court Order Rescinding the Protective Order, to release Mrs. Romero? What if Dr. Nguyen was not present? Would she be obligated to comply with the Rescinding Order?" However, these questions address whether Charter is legally entitled to judgment.
Charter cites La.R.S. 28:53.2(C) for its position that Nurse Prince had no authority to allow Ms. Romero to leave Charter until Dr. Nguyen discharged her. Pursuant to this provision, once an order for custody has been issued, the person named therein must be transported to the coroner or a treatment facility and an examination must be performed by the coroner or, if at a treatment facility, by a physician. After examination, the coroner or physician determines whether the person is to be voluntarily admitted, admitted by emergency certificate, admitted as a non-contested admission, or discharged. Id.
Further, La.R.S. 28:63(A) relieves licensed physicians and psychologists from civil liability "for acts arising from [their] professional opinions, judgments, actions, or duties pursuant to any of the provisions *533 of this Part." Additionally, any person who acts in good faith to assist in the apprehension or taking into protective custody and examination of a patient is not subject to civil or criminal penalties. La.R.S. 28:63(C).
Dr. Nguyen was examining Ms. Romero when the order rescinding the Order for Protective Custody was presented to Nurse Prince. She notified Dr. Nguyen of the order; however, he continued with his examination, which he was obligated to perform. La.R.S. 28:53.2(C). Nurse Prince did not have authority to examine or diagnose Ms. Romero or to determine what, if any, therapeutic or corrective measures should be taken for her well-being. La.R.S. 37:913. Nurse Prince was acting in good faith when she refused to allow Ms. Romero to leave the hospital and is immune to liability pursuant to La.R.S. 28:63(C).
In light of our decision herein, it is unnecessary for us to address Charter's oral motion to strike.

DECREE
The trial court's grant of summary judgment in favor of Charter, dismissing Ms. Romero's claims, is affirmed. All costs of this appeal are assessed to Ms. Romero.
AFFIRMED.