811 So.2d 1009 (2002)
Rosalie Winn Short, Wife of/and Charles R. SHORT
v.
Louis J. OCHELLO, et al.
No. 01-CA-1358.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
Jack E. Morris, Metairie, LA, for Plaintiffs/Appellees Rosalie Winn Short wife of/ and Charles R. Short, Jr.
Kevin K. Gipson, Martin L. Broussard, Jr., Broussard & Associates, New Orleans, LA, for Defendant/Appellee (Louis J. Ochello).
Temple A. Stephens, Neal, Stephens & Grace, Metairie, LA, for Defendant/Appellant (Assurance Company of America).
Leonard A. Young, Kevin J. Christensen, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for Defendants/Appellees Wal-Tec Inc., Wal-Tec of LA., Inc. James McDaniel & Robert McDaniel.
Thomas M. Richard, Chopin, Wagar, Cole, Richard, Reboul & Kutcher, Mandeville, LA, for Defendant/Appellee (Colony Insurance Company).
William E. Scott, III, Watson, Blanche, Wilson & Posner, Baton Rouge, LA, for Defendant/Appellee (Bituminous Casualty).
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
This is an appeal from the denial of a motion for summary judgment filed by defendant, Assurance Company of America (Assurance). Plaintiffs, Rosalie and Charles Short, filed a motion to dismiss the appeal in this Court. Because we find merit in plaintiffs' motion to dismiss, we hereby dismiss the appeal and remand the matter to the trial court for further proceedings. We further allow Assurance thirty days from the rendition of this decision to apply for supervisory writs.
The record shows that plaintiffs filed a petition against Louis Ochello for breach of contract and warranties in connection with a construction contract. In a supplemental and amending petition, plaintiffs added Assurance as a defendant.
Assurance filed a motion for summary judgment seeking a ruling that none of the policies issued to defendant Louis Ochello afforded coverage for damages claimed by plaintiffs. After a hearing on the matter, the trial court denied the motion. The written judgment of the denial contains a certification by the trial judge that the ruling is final and immediately appealable pursuant to C.C.P. article 1915. Assurance filed a timely appeal with this Court. Plaintiffs filed a motion to dismiss the appeal.
LSA-C.C.P. article 968 provides that, "an appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." Assurance concedes the denial of a motion for summary judgment is generally not appealable, but argues that the certification *1010 of the trial judge that the matter is final and appealable makes the ruling appealable. We disagree. That portion of article 968 which makes the denial of a summary judgment not appealable is a special rule and is not affected by article 1915. See; Batson v. Time, Inc., 298 So.2d 100 (La.App. 1 Cir.1974), writ denied 299 So.2d 803 (La.1974), which held that article 968 prevails over article 2083 which allows an appeal from an interlocutory judgment that causes irreparable injury.
We find that the denial of a motion for summary judgment is not a final, appealable judgment, the designation by the trial court notwithstanding. Accordingly, we grant plaintiffs' motion to dismiss the appeal. However, because Assurance relied on a declaration by the trial court that the ruling was immediately appealable, we give Assurance thirty days from the rendition of this opinion to file an application for supervisory review in this Court.
APPEAL DISMISSED; MATTER REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.