|,LANIER, J.
This is a suit in tort for damages arising out of an automobile accident that occurred between plaintiff, Elizabeth Strain, and defendant, Erica Williams. This appeal is from the granting of a summary judgment in favor of Taco Bell of America, Inc. (Taco Bell), in which the trial court found that defendant, Williams, was not in the course and scope of her employment with Taco Bell at the time of the accident. Plaintiffs, Elizabeth and James Strain (the *620 Strains), and defendant, Allstate Insurance Company (Allstate), took this devolutive appeal.
FACTS AND PROCEDURAL HISTORY
On February 25, 1999, Williams was an employee of Taco Bell working the morning shift. Around 10:00 a.m., Williams drove a co-employee’s vehicle to acquire lunch for herself and several other Taco Bell employees. While attempting to make a left turn into a McDonald’s parking lot, Williams turned into the path of plaintiffs’ vehicle and a two-vehicle collision occurred. The Strains filed suit on January 19, 2000. Made defendants were: (1) Erica Williams; (2) Jeannette Carter, as owner of the vehicle driven by Williams; (3) Safeway Insurance Company, as liability insurer of Carter; (4) Allstate, as un-derinsured/uninsured motorists carrier of the Strains; and (5) Taco Bell, by amended petition, as Williams’ employer. Plaintiffs alleged that at the time of the accident, Williams was in the course and scope of her employment with Taco Bell. Allstate filed a third party demand against Taco Bell on December 4, 2000, alleging Williams was in the course and scope of her employment at the time of the accident. Taco Bell filed a motion for summary judgment on May 2, 2001, requesting the court to find that Williams was not in the course and scope of her employment. Allstate filed a motion for partial summary judgment on May 15, 2001, requesting the court to find Williams was in the course and scope of her employment at the time of the accident. A hearing was held on the motions for summary judgment on May 17, 2001. Judgment was rendered on May 22, 2001, in favor of Taco Bell granting its motion for summary judgment and against Allstate denying its motion for partial summary judgment. The judgment was designated as a final judgment on May 22, 2001.
| oSUMMARY JUDGMENT
(Appellees’ assignment of error no. 1)
Plaintiffs and defendant, Allstate, assert the trial court erred in finding Williams was not in the course and scope of her employment and, accordingly, granting Taco' Bell’s motion for summary judgment and denying Allstate’s motion for partial summary judgment.[2]
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B; Calhoun v. Hoffman-La Roche, Inc., 98-2770, p. 4 (La.App. 1 Cir. 2/18/00), 768 So.2d 57, 60-61, writ denied, 2000-1223 (La.6/23/00), 765 So.2d 1041. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966A(2). After adequate dis *621 covery or after a case is set for trial, a motion that shows there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law, shall be granted. La. C.C.P. art. 966C(1).
Ordinarily, a district court’s finding that a particular act is within the course and scope of employment for purposes of vicarious liability is a factual finding governed by the manifest error rule. Baumeister v. Plunkett, 95-2270, p. 7 (La.5/21/96), 673 So.2d 994, 998. However, in determining whether summary judgment is appropriate, appellate courts review summary judgments de novo under the same criteria that govern the trial judge’s consideration of whether a summary judgment is appropriate. Davis v. AMS Tube Corp., 2000-1311, p. 4 (La.App. 1 Cir. 6/22/01), 801 So.2d 466, 468, writ denied, 2001-2122 (La.11/2/01), 800 So.2d 877; Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 463.
Under Louisiana law, an employer is answerable for the damage occasioned by its servants in the exercise of the functions in which the servant is employed. La. C.C. art. 2320; Timmons v. Silman, 99-3264, p. 4 (La.5/16/00), 761 So.2d 507, 510; Orgeron v. McDonald, 93-1353, p. 4 (La.7/5/94), 639 So.2d 224, 226. In the application of Article 2320, an employer’s vicarious liability extends only to the employee’s tortious conduct that is within the course and scope of employment. McDonald, 93-1353 at p. 4, 639 So.2d at 226. In contrast to intentional tort cases, the court in a negligence case need only determine whether the employee’s general activities at the time of the tort were within the scope of his employment. Ermert v. Hartford Ins. Co., 559 So.2d 467, 478 (La.1990). An employer is responsible for the negligent acts of its employees when the conduct is so closely connected in time, place, and causation to the employment duties of the employer that it constitutes a risk of harm attributable to the employer’s business. McDonald, 93-1353 at p. 4, 639 So.2d at 227; LeBrane v. Lewis, 292 So.2d 216 (La.1974).
In McDonald, the supreme court listed several factors for determining whether an employer is liable for the negligent acts of its employee, including: payment of wages by the employer; the employer’s power of control; the employee’s duty to perform the particular act; the time, place and purpose of the act in relation to service of the employer; the relationship between the employee’s act and the employer’s business; the benefits received by the employer from the act; the motivation of the employee for performing the act; and the reasonable expectation of the employer that the employee would perform the act. McDonald, 93-1353 at pp. 4-5, 639 So.2d at 227; accord Reed v. House of Decor, Inc., 468 So.2d 1159, 1161 (La.1985).
The Louisiana Code of Civil Procedure states, “[ajfter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law, shall be granted.” La. C.C.P. art. 966C(1). (Emphasis added.) It is undisputed that Williams was paid an hourly wage at the time of the accident and was not required to punch out ^before making her lunch run. This was standard policy. It is also undisputed that the accident did not occur on Taco Bell premises. However, there is dispute as to whether Williams was required by the assistant manager, Shannon Allred, to make the lunch run.
In Williams’ deposition of November 9, 2000,[3] she testified she was told by *622 Allred to make the lunch run. Her testimony from that deposition states, in pertinent part:
Q. And you were using the vehicle to go get food for everybody else on the shift?
A. Yes.
[[Image here]]
Q. Were you told to do that by someone on the crew?
A. Yes.
Q. Who was that? The shift leader?
A. Shannon Allred.
[[Image here]]
Q. And your mission at the time of the accident was to go get food, get food [sic] and come right back?
A. Correct.
Q. And that was the shift leader that told you that, Ms. Shannon Allred?
A. Right.
[[Image here]]
Q. Do any of the people that were working with you then at the time of the accident still work with you?
A. Shannon Anglin, the general manager now....
Q. What does the general manager do?
A. She runs the store.
Q. So she could verify that you were on a mission for the store at the time of the accident?
A. She probably can because records that we have from then ....
Q. How was it that Ms. Allred would appoint you to pick up food for the people on the shift if you had no vehicle?
A. She had a car also. Her car was the one I was going to use ....
Williams testified in her deposition of February 21, 2001, that she volunteered to get lunch on the day of the accident. Also, Williams testified she understood she was not to run any personal errands or spend any additional time outside the store other than to acquire lunch for the employees.
However, Allred stated in her affidavit that there was no policy against the employee making the “lunch run” performing personal errands while out of the store. And contrary to Williams’ testimony, All-red stated the employees, while on a lunch run, [fiWere not subject to any control by Taco Bell. She also stated Taco Bell employees were never required to pick up lunch for other workers and such practice was “totally voluntary”. Allred asserted Taco Bell provided food for all employees at no charge, and the employees’ decision to purchase food from other restaurants was their personal choice. However, Williams testified this was not always true. Only when the store met certain minimum waste requirements were the employees allowed to eat at no charge.
Applicable substantive law determines materiality. Therefore, whether a particular fact in dispute is material can be viewed only in light of the substantive law applicable to the case. Davis, 2000-1311 at pp. 4-5, 801 So.2d at 468, writ denied, 2001-2122 (La.11/2/01), 800 So.2d 877. Ordinarily, an employee who leaves his employer’s premises and takes his noon hour meal at home or some other place of his own choosing is outside the course of his employment. Davis, 2000-1311 at p. 7, *623 801 So.2d at 470, quoting, A. Alston Johnson, III, 13 Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice [Malone & Johnson] § 163 at 343 (3rd ed.1994). However, in this case, there are disputed material issues of fact, including: Taco Bell’s power of control; Williams’ duty to perform the particular act; the relationship between Williams’ act and Taco Bell’s business; the benefits received by Taco Bell from the act; the motivation of Williams for performing the act; and the reasonable expectation of Taco Bell that Williams would perform the act. See McDonald, 93-1353 at pp. 4-5, 639 So.2d at 227. Because the evidence in this record is subject to conflicting interpretations or reasonable persons might differ as to its significance, genuine issues of material fact exist and summary judgment is improper. See La. C.C.P. art. 966B & C; see Jackson v. State Teachers’ Retirement Sys. of Louisiana, 407 So.2d 416, 418 (La.App. 1 Cir.1981); Roger v. Dufrene, 553 So.2d 1106, 1110-1111 (La.App. 4 Cir.1989), writ denied, 559 So.2d 1358 (La.1990). There is a lack of sufficient evidence to warrant the granting of a summary judgment in this case.
Based on the foregoing, the trial court erred in granting summary judgment in favor of Taco Bell.
| .DECREE
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Taco Bell is reversed; and this action is remanded to the trial court for further proceedings in accordance with law. Allstate and Taco Bell are each cast for one-half of the costs of this appeal.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

. Pursuant to La. C.C.P. art. 968, no appeal lies from the denial of a motion for summary judgment. The trial court certifying the judgment denying Allstate’s motion for partial summary judgment as final was ineffectual. Certification of a partial summary judgment is allowed under La. C.C.P. art 1915. However, that article does not authorize the certification of a judgment denying a motion for summary judgment as final. La. C.C.P. art. 968; La. C.C.P. art.1915; Belanger v. Gabriel Chemicals, Inc., 2000-0747, p. 5 (La.App. 1 Cir. 5/23/01), 787 So.2d 559, 563, writ denied, 2001-2289 (La.11/16/01), 802 So.2d 612. Therefore, we do not consider that part of plaintiffs' and Allstate's appeal.

. We note that effective January 1, 2002, Rule 2-1.16 of the Uniform Rules — Courts of Ap *622 peal requires that depositions submitted as exhibits to a record consist of one page of deposition testimony per physical page and that they "do not contain reduced images of multiple pages placed on one page.” Failure to meet this standard requires the party who introduced the deposition to provide a certified true copy of the substandard document in the required format. Williams' deposition testimony is in a condensed form, but because the appeal was lodged before the effective date of Rule 2-1.16, it is not applied in this case.