# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-781

**WILLARD OWEN**
**VERSUS**
**PSC PHILLIPS SERVICES**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION # 3
PARISH OF CALCASIEU, NO. 04-07162
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Michael G. Sullivan, Judges.

**APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**

**Marcus Miller Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Willard Owen**

**Janice Bertucci Unland**
**John Joseph Rabalais**
**Laurie Wilder Maschek**
**Rabalais, Unland, & Lorio**
**5100 Village Walk, Ste. 300**
**Covington, LA 70433**
**(985) 893-9900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **PSC Phillips Services**

**AMY**, Judge.

This court issued a rule for the Defendant-Appellant, PSC Phillips Services, to show cause, by brief only, why the instant appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. This court received Appellant's response to the rule. For the reasons assigned below, we dismiss the appeal.

This case involves a workers' compensation claim filed by Plaintiff-Appellee, Willard Owen, who was allegedly injured while employed by Appellant. In the course of this litigation, Appellant filed a motion for summary judgment asserting that there is no genuine issue of material fact regarding Appellant's entitlement to 100% credit towards any workers' compensation indemnity benefits to which Appellee may be found to be entitled. Following a hearing on this motion, it was denied by the Office of Workers' Compensation. A judgment to that effect was subsequently signed.

Appellant filed a motion for suspensive appeal which was granted. Thereafter, the record in this case was lodged in this court.

In response to this court's order that Appellant show cause why its appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling, Appellant states that the judgment at issue has been designated as a partial final judgment and that the parties have agreed to such designation. Appellant argues that although the judgment does not expressly state that there is no just cause for delaying an immediate appeal, the judgment is nonetheless appealable as a partial final judgment pursuant to La.Code Civ.P. art. 1915(B).

1

We disagree with Appellant's assertion that La.Code Civ.P. art. 1915(B) is applicable to the instant case. The judgment sought to be appealed denies Appellant's motion for summary judgment. This court has held that "[a]lthough certification of a partial judgment granting a motion for summary judgment is allowed under Article 1915, this does not authorize the certification of a judgment denying a motion for summary judgment." *Romero v. Charter Behavioral Health Sys. of Lake Charles*, 00-1108, p.3 (La.App. 3 Cir. 1/31/01), 780 So.2d 530, 531-532 (citations omitted). Therefore, we find that the workers' compensation judge was without authority to designate the judgment as immediately appealable. Furthermore, the case at bar is a workers' compensation case, and "La.Code Civ.P. art. 1915 has been held to be inapplicable to workers' compensation cases." *Williamson v. Dresser, Inc.*, 07-672 (La.App. 3 Cir. 8/15/07), 964 So.2d 444, 445.

Nonetheless, even if Article 1915(B) was applicable to the instant case, that article does not supercede La.Code Civ.P. art. 968. *See Ware v. Mumford*, 04-118 (La.App. 5 Cir. 5/26/04), 875 So.2d 885. Article 968 expressly provides that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." The jurisprudence has held that a judgment denying a motion for summary judgment, which is deemed non-appealable by La.Code Civ.P. art. 968, cannot be converted into an appealable judgment by the trial court's certification of the judgment as final under La.Code Civ.P. art. 1915(B). *See Ware*, 875 So.2d 885. Article 968 has been referred to as a special rule which prevails over not only La.Code Civ.P. art. 1915 but also La.Code Civ.P. art. 2083, which, prior to the latter's amendment in 2005, had permitted appeals from interlocutory judgments

2

causing irreparable harm. *See Short v. Ochello*, 01-1358 (La.App. 5 Cir. 2/26/02), 811 So.2d 1009.

In the instant case, the judgment denying Appellant's motion for summary judgment does not decide the merits of this case and, thus, is interlocutory. *See* La.Code Civ.P. art. 1841. Also, the judgment is expressly designated as non-appealable by La.Code Civ.P. art. 968. Therefore, we hereby dismiss the instant appeal at Appellant's cost. Appellant, PSC Phillips Services, is hereby permitted to file a proper application for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than August 21, 2008. The Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**