NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-986

MARCUS DOBBINS
VERSUS
SYMERIA DOBBINS, ET AL.

**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-3058-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of John D. Saunders, J. David Painter, and David E. Chatelain*, Judges.

APPEAL DISMISSED. APPELLANT IS PERMITTED TO
FILE AN APPLICATION FOR SUPERVISORY WRITS.

John T. Bennett
Attorney at Law
Post Office Box 275
Marksville, LA 71351
(318) 253-4631
COUNSEL FOR PLAINTIFF/APPELLEE:
	Marcus Dobbins

Bradley J. Gadel
Attorney at Law
728 Jackson Street
Alexandria, LA 71301
(318) 448-4406
COUNSEL FOR DEFENDANT/APPELLEE:
	US Agencies Casualty Insurance Company

_____
*Judge David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**S. Aaron Siebeneicher**
**Johnson, Siebeneicher & Ingram, Inc.**
**Post Office Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **State Farm Mutual Automobile Insurance Company**

**PAINTER**, Judge.

This court issued a rule for the Defendant-Appellant, State Farm Mutual Automobile Insurance Company, to show cause, by brief only, why the instant appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. This court received Appellant's response to the rule. For the reasons assigned below, we dismiss the appeal.

This case involves a claim for personal injuries resulting from an automobile accident. Allegedly, Plaintiff, Marcus Dobbins, was driving a vehicle owned by Patricia Desselle when he was rear-ended by a vehicle driven by Symeria Dobbins. As a result of the accident, Plaintiff filed suit against Symeria Dobbins; her insurer, US Agencies Casualty Insurance Company(US Agencies); and Appellant, which is the purported UM insurer for Ms. Desselle's vehicle. Plaintiff subsequently settled his claims against Symeria Dobbins and US Agencies.

Appellant filed a motion for summary judgment seeking dismissal of Plaintiff's claim against it on the ground that Plaintiff is not entitled to UM coverage under the policy issued by Appellant. Following a hearing, the trial court denied Appellant's motion for summary judgment.

Appellant filed a motion for devolutive appeal which was granted. Thereafter, the record in this case was lodged in this court.

In response to this court's order that Appellant show cause why its appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling, Appellant states that although the judgment at issue is a partial judgment, the trial court has designated it as a partial final judgment pursuant to La.Code Civ.P. art. 1915(B). According to Appellant, such a designation is appropriate because Appellant's motion for summary judgment addresses an issue that is the crux of the

2

entire litigation. In that regard, Appellant contends that since it is the only Defendant remaining in the litigation, the issue of whether UM coverage exists should be subject to immediate appellate review because resolution of the coverage issue will determine whether the case needs to proceed to trial on the issue of damages.

Appellant seeks to appeal the trial court's ruling which denies Appellant's motion for summary judgment pertaining to the issue of UM coverage. Because the judgment at issue does not decide the merits of the case, we find that the judgment is interlocutory. *See* La.Code Civ.P. art. 1841.

We note that, pursuant to La.Code Civ.P. art. 1915(B), the trial court designated the interlocutory judgment at issue as a final judgment for the purpose of allowing Appellant to take an immediate appeal. Article 1915(B) does provide a vehicle by which certain partial judgments may be certified as final for purposes of an immediate appeal in cases wherein the trial court expressly determines that there is no just reason for delay. However, with regard to a partial judgment which denies a motion for summary judgment, this court has expressly held that such a judgment cannot be designated immediately appealable under 1915(B). *See Owen v. PSC Phillips Services,* 08-781 (La.App. 3 Cir. 7/23/08), 994 So.2d 545; *Romero v. Charter Behavioral Health System of Lake Charles,* 00-1108 (La.App. 3 Cir. 1/31/01), 780 So.2d 530. In *Owen*, 994 So.2d 545, this court determined that the certification of a judgment denying a motion for summary judgment contravenes La.Code Civ.P. art. 968, which provides that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." Because Article 968 is a special rule which expressly prohibits an appeal from being taken from a judgment denying a motion for summary judgment, it prevails over La.Code Civ.P. art. 1915. *See Short v. Ochello,* 01-1358 (La.App. 5 Cir. 2/26/02), 811 So.2d 1009.

Since the judgment denying Appellant's motion for summary judgment is

deemed non-appealable under La.Code Civ.P. art. 968, we find it was not appropriate for the trial court to designate that judgment as appealable. Therefore, we hereby dismiss the instant appeal at Appellant's cost. Appellant is hereby permitted to file a proper application for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than October 22, 2010. The appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.