HANS J. LILJEBERG, Judge.
| ^Defendant, The Marrero Land and Improvement Association Limited (“Marrero Land”), seeks appellate review of the trial court’s denial of its motion for summary judgment. Finding that the judgment before us is interlocutory and not appealable, we dismiss the appeal and grant Marrero Land 30 days from the rendition of this opinion to apply for supervisory writs.
Plaintiff, Candace Gray, filed suit against Marrero Land asserting that she suffered personal injuries when she fell in a parking lot owned by Marrero Land. She asserts that a speed bump in the parking lot was defective and unreasonably dangerous, causing her to fall and sustain injuries. After filing an answer, Marrero Land filed a motion for summary judgment, seeking dismissal of the claims against it. In its motion, Marrero Land asserted that there are no genuine issues of material fact in dispute and that Ms. Gray’s deposition testimony establishes that she cannot meet her burden of proof to establish that Marrero Land is liable for her damages.
After a hearing on this matter, the trial court denied Marrero Land’s motion for summary judgment, finding that there are genuine issues of material fact as to whether Ms. Gray can prove her case. In its written judgment, the trial court included a certification that its ruling denying the motion for summary judgment |swas final and appealable, pursuant to La. C.C.P. art. 1915. Marrero Land thereafter filed the present appeal with this Court.
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. McGehee v. City/Parish of E. Baton Rouge, 00-1058, p. 3 (La.App. 1 Cir. 9/12/01), 809 So.2d 258, 260. In the present case, we find that we are without jurisdiction to consider this appeal.
La. C.C.P. art. 968 provides that “[a]n appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.” Thus, the denial of a motion for summary judgment is not a final and appealable judgment. Short v. Ochello, 01-1358, p. 4 (La.App. 5 Cir. 2/26/02), 811 So.2d 1009, 1010. Because a judgment denying a motion for summary judgment is interlocutory in nature, it cannot be certified as immediately appealable under La. C.C.P. art. 1915(B). Id.; Granger v. Guillory, 00-363, pp. 1-2 (La.App. 3 Cir. 4/26/00), 762 So.2d 640, 641; Strain v. Williams, 01-2157 (La.App. 1 Cir. 9/27/02), 835 So.2d 618, 620, n. 2. Accordingly, the trial court’s certification that its denial of Marrero Land’s motion for summary judgment is a final and ap-pealable judgment is without effect.
Accordingly, we must dismiss the instant appeal and remand to the trial court for further proceedings. However, because Marrero Land relied on the trial court’s declaration that the ruling was final and appealable, we grant Marrero Land 30 days from the rendition of this opinion to file an application for supervisory writs *649 with this Court. See Short, 01-1358 at 4, 811 So.3d at 1010.

APPEAL DISMISSED: CASE REMANDED