NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-481


MILDRED E. BRISTER, ET VIR

VERSUS

LARRY'S LUBE AND TIRE, L.L.C., ET AL.


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2010-1182-B
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett and John E. Conery, Judges.


APPEAL DISMISSED.


John O. Charrier, Jr.
Attorney at Law
7809 Wrenwood Blvd.
Baton Rouge, LA 70809
(225) 218-8599
COUNSEL FOR PLAINTIFFS/APPELLEES:
     Mildred E. Brister
     Gene Brister

**Charles K. Charrier**
**Attorney at Law**
**Post Office Box 1007**
**Alexandria, LA 71309**
**(318) 448-3952**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Mildred E. Brister**
    **Gene Brister**

**James D'Arensbourg Hollier**
**Jeffery K. Coreil**
**NeunerPate**
**Post Office Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR INTERVENORS/APPELLEES:**
    **Vernon Parish Police Jury**
    **Parish Government Risk Management Agency Self Insurers Fund**

**Joseph Richard Pousson, Jr.**
**Plauche', Smith & Nieset, L.L.C**
**Post Office Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Larry's Lube and Tire, LLC**
    **American Economy Insurance Co.**

**PICKETT, Judge.**

On July 2, 2016, the appellees, Mildred and Gene Brister, filed a Motion to Dismiss Appeal, asserting therein that the judgment at issue herein, the denial of a motion for summary judgment, is an interlocutory judgment which is not subject to appeal. For the reasons which follow, we dismiss the appeal.

The instant matter arises from a slip and fall accident that occurred at Larry's Lube and Tire. Ms. Brister, a patron at Larry's Lube and Tire, slipped and fell after exiting her vehicle. The Bristers filed suit against Larry's Lube and Tire and its liability insurer, American Economy Insurance Co., the appellants herein.

In the course of this litigation, the appellants filed a motion for summary judgment which was denied by the trial court following a hearing on March 26, 2015. The trial court subsequently asked whether the parties wished for the trial court to certify the ruling as a final judgment for the purpose of appealing the ruling. The appellees objected to the certification of the ruling. The trial court left the matter open to allow for additional briefing on the issue of whether the denial of summary judgment should be designated as a final, appealable judgment pursuant to La.Code Civ.P. art. 1915(B).

On December 31, 2015, the trial court signed a written ruling stating, "In the interest of judicial economy[,] the Court finds that there is no just cause for delay in this matter, as this issue would likely be raised on appeal." The trial court subsequently denied the motion for summary judgment and certified it as a final, appealable judgment. The trial court signed an order on March 1, 2016, granting the appellants a devolutive appeal from the December 31, 2015 judgment. After the record in this appeal was lodged in this court, the appellees filed a motion to

dismiss the appeal as having been taken from a non-appealable, interlocutory ruling.

We note that the trial court's rendition of judgment, certifying the denial of the motion for summary judgment as a final, appealable order, was ineffectual. While certification of partial judgments which grant a motion for summary judgment is allowed under Article 1915, this statute does not authorize the certification of a judgment denying a motion for summary judgment. Further, this court has expressly held that such a judgment cannot be designated immediately appealable under 1915(B). *See Owen v. PSC Phillips Services,* 08-781 (La.App. 3 Cir. 7/23/08), 994 So.2d 545; *Romero v. Charter Behavioral Health System of Lake Charles,* 00-1108 (La.App. 3 Cir. 1/31/01), 780 So.2d 530.

In the event we find that the ruling may only be reviewed on supervisory writs, the appellants request that this court exercise its supervisory jurisdiction and convert their motion for appeal into an application for supervisory writs. The appellants acknowledge that the time within which to seek supervisory review had already elapsed at the time they filed their motion for a devolutive appeal. The appellants urge, however, that they did not act independently in choosing to appeal the ruling, but acted in conformity with the trial court's suggestions made at the hearing on the motion for summary judgment and the subsequent order designating the judgment as a final, appealable ruling. As such, the appellants respectfully request that we extend the time period within which they may seek supervisory review.

Since the judgment denying the appellants' motion for summary judgment is deemed non-appealable under La.Code Civ.P. art. 968, we find it was not

appropriate for the trial court to designate that judgment as appealable. Therefore, we hereby dismiss the instant appeal at the appellants' cost.

While the appellants contend that they filed the motion for appeal because the trial court designated the judgment appealable, we find no procedural bar to their also seeking supervisory relief in the event the appeal was dismissed. Moreover, we find that had the motion for appeal been filed with the thirty day period, this court could have construed the motion for appeal as a timely filed notice to seek supervisory writs. Therefore, we cannot construe the motion for appeal as a timely filed notice of intent to seek supervisory writs on the facts of the instant case.

Additionally, we note that the appellees filed an answer to the appeal, raising the same arguments set forth in their motion to dismiss the appeal. As this court is granting the appellees the relief sought in their answer by granting the motion to dismiss the appeal, we dismiss the answer as moot.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.