NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-1032

RICHARD BRAY WILLIAMS,
ET AL.

VERSUS

BRYAN BUILDING AND
DESIGN, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## TENTH JUDICIAL DISTRICT COURT
## PARISH OF NATCHITOCHES, NO. C-88753, DIV. A
## HONORABLE DESIREE DUHON DYESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**APPEAL DISMISSED.**


Ricky L. Sooter
George L. Fine
Lineage Law, LLC
4615 Parliament Drive, Suite 202
Alexandria, Louisiana 71303
Counsel for Defendants/Appellees:
    Bryan Building and Design, LLC and Sean Bryan

Joseph Payne Williams, Sr.
Williams Family Law Firm, LLC
Post Office Box 15
Natchitoches, Louisiana 71458-0015
Counsel for Plaintiffs/Appellants:
    Richard Bray Williams and Jamie Ann Williams

**KEATY, Judge.**

This court issued a rule ordering Appellants, Richard Bray Williams and Jamie Ann Williams, to show cause, by brief only, why their appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling, which is not eligible for designation as final and appealable. *See* La.Code Civ.P. art. 1915; and *Brennan's Inc. v. Colbert*, 15-325 (La.App. 4 Cir. 4/13/16), 191 So.3d 1101. For the reasons that follow, we dismiss the devolutive appeal.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs, Richard Bray Williams and Jamie Ann Williams (Plaintiffs), filed suit against Defendants, Bryan Building and Design, LLC and Sean Bryan (Defendants), for breach of contract, damages, and declaratory relief. Defendant, Sean Bryan, filed an exception of no cause of action, which was ultimately denied. Defendant, Bryan Building and Design, LLC, filed a reconventional demand against Plaintiffs for damages, attorney's fees and costs. Plaintiffs responded to the reconventional demand for non-pecuniary damages and attorney's fees with exceptions of no cause of action, which were granted.

After other pleadings were filed and some discovery was conducted, Plaintiffs filed a motion for summary judgment seeking the dismissal of the remaining reconventional demand claims. The motion was denied by judgment signed on August 4, 2017. Notice of judgment issued on August 7, 2015. On August 22, 2017, Plaintiffs filed a notice of intent to apply for supervisory writs, and the trial court set a return date of September 14, 2017.[1] The writ application

---

[1] Although the date fixed by the trial court was more than thirty days from the date of the notice of judgment in violation of Uniform Rules—Courts of Appeal, Rule 4–3, the trial court has the authority to extend that deadline, and Plaintiffs' writ application is timely since it was filed in accordance with the time limit set by the trial court. *Barnard v. Barnard*, 96-859 (La. 6/24/96), 675 So.2d 734.

was timely filed in this court and is pending. *See Williams v. Bryan Building and Design, LLC*, 17-849.

Also on August 22, 2017, Plaintiffs filed a motion for devolutive appeal. The order of appeal was signed on August 24, 2017. In due course, the record was lodged in this court. When the record was lodged in this court, a rule was issued ordering Plaintiffs to show cause why the appeal should not be dismissed for the above-stated reason. Plaintiffs timely filed their brief in response to the rule and agreed that the August 4, 2017 judgment is a non-appealable, interlocutory ruling, which is not eligible for designation as final and appealable. Plaintiffs ask this court to convert their motion for devolutive appeal, which was filed within thirty days of the date that notice of the August 4, 2017 judgment issued, into an application for supervisory writs and consolidate it with their pending writ application in this court's docket number 17-849.

## DISCUSSION

The trial court's certification of the denial of the motion for partial summary judgment as a final, appealable order was improper. "While certification is allowed under [La.Code Civ.P. art.] 1915 of partial judgments which grant a motion for summary judgment, this statute does not authorize the certification of a judgment denying a motion for summary judgment." *Granger v. Guillory*, 00-363, p. 2 (La.App. 3 Cir. 4/25/00), 762 So.2d 640, 641, *writs denied*, 02-1841, 02-1862 (La. 10/4/02), 826 So.2d 1132. This court and others have expressly held that such a judgment cannot be designated immediately appealable under Article 1915(B). *See Owen v. PSC Phillips Services,* 08-781 (La.App. 3 Cir. 7/23/08), 994 So.2d 545; *Romero v. Charter Behavioral Health System of Lake Charles,* 00-1108 (La.App. 3 Cir. 1/31/01), 780 So.2d 530; and *Brennan's Inc.*, 191 So.3d 1101. "Ordinarily, an application for supervisory writ is the appropriate vehicle for the

2

review of an interlocutory judgment." *McGinn v. Crescent City Connection Bridge Authority*, 15-165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148.

"[T]he jurisprudence indicates that the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts." *Stelluto v. Stelluto*, 05-74, p. 7 (La. 6/29/05), 914 So.2d 34, 39. "Appellate courts have exercised their discretion to convert the appeal if the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4–3. *Babineaux v. University Medical Center*, 2015-292, p. 7 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120, 1124-1125.

In the instant case, we find that while conversion of this devolutive appeal to a writ application would be proper, it is unnecessary. Plaintiffs properly filed a notice of intent to seek supervisory writs, obtained a return date, and timely filed their writ application. Thus, a writ application filed by Plaintiffs with respect to the denial of their motion for partial summary judgment is already pending before this court. *See Williams v. Bryan Building and Design, LLC*, 17-849.

### **DECREE**

For all the reasons given herein, this court lacks jurisdiction to consider the merits of Plaintiffs' appeal because it was taken from a non-appealable, interlocutory ruling, which is not eligible for designation as final and appealable. *See* La.Code Civ.P. art. 1915; and *Brennan's Inc.*, 191 So.3d 1101. Since Plaintiffs' motion for devolutive appeal was filed within thirty days of the date that notice of the August 4, 2017 judgment issued, we could convert the appeal of the denial of Plaintiffs' motion for partial summary judgment to an application for supervisory writs. *Stelluto*, 914 So.2d 34. However, since a writ application filed by Plaintiffs as to the August 4, 2017 judgment is presently pending before this

3

court in docket number 17-849, we find that conversion of this devolutive appeal

to a supervisory writ is unnecessary.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.