SUCCESSION OF LLOYD ST. GERMAIN, SR.
& BEATRICE ST. GERMAIN

NO. 22-CA-148

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 818-626, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

December 21, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and John J. Molaison, Jr.

**APPEAL DISMISSED;**
**CASE REMANDED**
 **MEJ**
 **JGG**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
LARRY ST. GERMAIN, JR.
     Marc L. Frischhertz
     Oliver Smith, III

COUNSEL FOR PLAINTIFF/APPELLEE,
LARRY ST. GERMAIN, JR. IN HIS CAPACITY AS INDEPENDENT
EXECUTOR OF THE ESTATES OF LLOYD ST. GERMAIN, SR. AND
BEATRICE ST. GERMAIN
     Benjamin T. Sanders

**JOHNSON, J.**

Appellant/Plaintiff, Larry St. Germain, Jr., through his mother, appeals the summary judgment in favor of Appellees, the Successions of Lloyd St. Germain, Sr. and Beatrice St. Germain, that denied his request to be recognized as a forced heir to his grandparents' estates from the 24th Judicial District Court, Division "F". For the following reasons, we dismiss the instant appeal and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On June 17, 2021, Larry St. Germain, Jr. (hereinafter referred to as "Larry, Jr.") filed a "Petition for Notice of Application for Appointment as Administrator/Executor of the Unopened Succession of Lloyd St. Germain, Sr." In the petition, Larry, Jr. alleged that he was the grandson of Lloyd St. Germain, Sr. (hereinafter referred to as "Lloyd, Sr.") and was a forced heir of Lloyd, Sr. He also alleged that he was a judgment creditor of the unopened succession by virtue of a final judgment[1]; thus, he had an interest in the succession. On June 30, 2021, Larry, Jr. and his mother, Melissa W. Lore, filed a petition to open the successions of Lloyd, Sr. and his wife, Beatrice St. Germain[2,3]; be recognized as a forced heir to the successions of Lloyd, Sr. and Beatrice; order that the last wills and testaments be submitted for probate; and order an accounting of the assets of the successions. Alternatively, they petitioned for Melissa to be appointed as the

---

[1] Larry, Jr. claimed there was a final judgment rendered against Lloyd, Sr. in *Succession of Larry W. St. Germain, Sr.*, 24th Judicial District Court case number 761-539. That matter involved the succession of his father, Larry, Sr., who died on January 25, 2016. The judgment, which was rendered on August 5, 2019, ordered Lloyd, Sr. to pay Larry, Jr. $100,000 plus 20% interest and attorney's fees.

[2] Lloyd, Sr. died on February 8, 2021, and Beatrice died on May 31, 2021.

[3] Of the marriage between Lloyd, Sr. and Beatrice, four children were born: Lloyd St. Germain, Jr., Floyd St. Germain, Rose St. Germain Sumner, and Larry St. Germain, Sr. Floyd predeceased both Lloyd, Sr. and Beatrice. It is unclear from the record when Floyd passed away. Larry, Jr. alleged that Lloyd, Sr. and Beatrice were his grandparents.

provisional administrator, if Lloyd St. Germain, Jr. (hereinafter referred to as "Lloyd, Jr.") refused his testamentary appointment as administrator.

Lloyd, Jr. intervened in the action on July 20, 2021 and answered the petition. He asserted that Lloyd, Sr. and Beatrice had notarial testaments[4], which precluded the legal operation of forced heirship by representation. He sought to have the notarial testaments of Beatrice and Lloyd, Sr. be upheld and the denial of Larry, Jr.'s recognition as a forced heir. Lloyd, Jr. also petitioned the trial court to be appointed the independent executor of the successions of Lloyd, Sr. and Beatrice, which was granted on July 22, 2021. In response, as an alleged creditor and forced heir, Larry, Jr. requested an accounting of the successions and the furnishing of security from Lloyd, Jr.

On October 4, 2021, Larry, Jr. filed a motion for summary judgment, wherein he sought to be recognized as a forced heir to the successions of his grandparents, Lloyd, Sr. and Beatrice. In the motion, he asserted that he was permanently mentally incapable of taking care of his person or administering his estate as of the dates of Lloyd, Sr., Beatrice, and Larry, Sr. deaths.[5] Due to his permanent incapability of taking care of his person at the times of death of Beatrice and Lloyd, Sr., Larry, Jr. asserted that he qualified as a forced heir pursuant to La. C.C. art. 1493(C), regardless of his age.[6]

In opposition, Lloyd, Jr.—as the independent executor of the successions of Lloyd, Sr. and Beatrice (hereinafter collectively referred to as "the Successions")—argued that, when a legatee predeceases the decedent in testate

---

[4] Beatrice's last will and testament, signed on September 24, 2019, bequeathed her entire estate to her husband, Lloyd, Sr. In the event Lloyd, Sr. predeceased her, Beatrice bequeathed her property to Lloyd, Jr. and Rose St. Germain. If Lloyd, Jr. or Rose were to predecease Beatrice, their portions were then bequeathed to her surviving child. The October 10, 2019 last will and testament of Lloyd, Sr. contained similar language as Beatrice's last will and testament. He bequeathed his entire estate to his wife, Beatrice. In the event Beatrice predeceased him, Lloyd, Sr. bequeathed his property to Lloyd, Jr. and Rose. In the event Lloyd, Jr. or Rose predeceased him, Lloyd, Sr. bequeathed their portions to his surviving child.

[5] Larry, Jr. alleged that he is suffering from schizoaffective disorder, a bipolar type disorder.

[6] Larry, Jr. was born on March 17, 1994. He was of the age of majority at the times of deaths of Lloyd, Sr., Beatrice, and Larry, Sr.

successions, the legacy is deemed to have lapsed; and, Larry, Jr.'s intestate representation of Larry, Sr. is inapplicable to the testate successions of Lloyd, Sr. and Beatrice. The Successions further argued that Larry, Jr., as a grandchild, is not a forced heir in his own right. They averred that representation of a person who was not a forced heir, Larry, Sr., does not result in Larry, Jr.'s forced heirship because Larry, Sr. was not a forced heir or a legatee to the successions of Lloyd, Sr. or Beatrice.

Larry, Jr.'s motion for summary judgment was heard on January 13, 2022. At the conclusion of the hearing, the trial court denied the motion. The court orally reasoned that the Legislature did not provide for representation in Subpart C of La. C.C. art. 1493 for forced heirship purposes; thus, Larry, Jr. could not be recognized as a forced heir in the Successions through representation of his father. The trial court rendered a written judgment denying the motion for summary judgment and the motion to compel accounting on that same date. The trial court designated the judgment as final and appealable, pursuant to La. C.C.P. art. 1915(B). The instant appeal by Larry, Jr. contesting the denial of his motion for summary judgment and request for accounting followed.

## ASSIGNMENT OF ERROR

Larry, Jr. alleges the trial court erred in failing to hold that he was a forced heir, pursuant to La. C.C. art. 1493(C), and thus, in failing to render summary judgment in his favor.

## LAW AND ANALYSIS

Jurisdiction

The trial court in this matter designated the denial of Larry, Jr.'s motion for summary judgment for status of forced heir as a final and appealable judgment

after an express determination that there is no just reason for delay pursuant to La. C.C.P. art. 1915(B).

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Gray v. Marrero Land & Improvement Ass'n Ltd.*, 14-934 (La. App. 5 Cir. 3/25/15), 169 So.3d 647, 648. La. C.C.P. art. 968 provides that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment[;]" thus, the denial of a motion for summary judgment is not a final and appealable judgment. *Id.*, citing *Short v. Ochello*, 01-1358 (La. App. 5 Cir. 2/26/02), 811 So.2d 1009, 1010. Because a judgment denying a motion for summary judgment is interlocutory in nature, it cannot be certified as immediately appealable under La. C.C.P. art. 1915(B). *Id.*

Here, the trial court certified the denial of a motion for summary judgment, and that certification is without effect. Accordingly, we must dismiss the instant appeal and remand to the trial court for further proceedings. We grant Larry St. Germain, Jr. 30 days from the rendition of this opinion to file an application for supervisory writs with this Court. *See*, *Gray*, *supra*.

**<u>APPEAL DISMISSED;</u>**
**<u>CASE REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 21, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-CA-148

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
MARC L. FRISCHHERTZ (APPELLANT)      BENJAMIN T. SANDERS (APPELLEE)

### MAILED
OLIVER SMITH, III (APPELLANT)
ATTORNEY AT LAW
1140 ST. CHARLES AVENUE
NEW ORLEANS, LA 70130

DAVID L. COLVIN (APPELLEE)
ATTORNEY AT LAW
230 HUEY P. LONG AVENUE
GRETNA, LA 70053

CELEST CASTO  (OTHER)
POST OFFICE BOX 1338
REYNOLDSBURG, OH 43068