671 So.2d 550 (1996)
Farouk Abdul SATTAR a/k/a Frank Sattar
v.
AETNA LIFE INSURANCE COMPANY, d/b/a Royal Sonesta Hotel, Edward R. Ferrell, Hans Wandfluh.
No. 95-CA-1108.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 1996.
Rehearing Denied April 24, 1996.
*551 Glenn C. McGovern, New Orleans, for Plaintiff/Appellant, Farouk Abdul Sattar a/k/a Frank Sattar.
Stephanie M. Lawrence, E. Frederick Preis, James R. Holland, II, McGlinchey, Stafford, Lang, New Orleans, for Appellees, Royla Sonesta, Inc., Edward R. Ferrell, Hans Wandfluh, and Patricia Terry.
Before CIACCIO, WALTZER and MURRAY, JJ.
MURRAY, Judge.
Farouk Abdul Sattar complains of the trial court's order maintaining the defendants' Peremptory Exceptions of No Cause of Action, or in the Alternative, No Right of Action, or in the Alternative, Motion to Strike. For the reasons discussed below, we reverse and remand.

FACTS AND PROCEDURAL BACKGROUND:
Farouk Sattar, who is of Lebanese descent, was a security officer employed by the Royal Sonesta Hotel. He filed suit against the hotel and its management alleging that he had been discriminated against because of his race, color, religion, cultural background and national origin. He subsequently amended his petition to allege that the defendants had engaged in discriminatory conduct toward blacks, American Indians, women, foreigners and minorities generally. In response to the amending petition the defendants filed a Peremptory Exception of No *552 Cause of Action, or in the Alternative, No Right of Action, or in the Alternative, Motion to Strike, seeking to dismiss or strike all claims for discrimination against blacks, American Indians, women, foreigners and minorities in general. Following a hearing on the exceptions, the trial court entered judgment barring Mr. Sattar from "advancing allegations or claims of incrimination against `other minorities.'" Mr. Sattar filed a motion to amend this judgment which was granted. As a result the Court entered an amended judgment on February 10, 1995, granting the exceptions of no cause of action and no right of action as to plaintiff's "references to other minorities."
Mr. Sattar originally sought review of the trial court's actions by supervisory writ application No. 95-C-0372. This court declined to exercise our supervisory jurisdiction on the exception of no cause of action because Mr. Sattar had not shown that immediate review might materially advance the termination of the litigation, and because he had an adequate remedy on appeal. As to the exception of no right of action this court also declined to exercise our supervisory jurisdiction. However the court did state in the writ denial that plaintiff had failed to prove that he had standing to assert the claims, explaining that because plaintiff was not a member of the various other groups for which he asserted causes of action, he had no right to assert claims for damages to members of those groups.
Mr. Sattar applied for certiorari to the Supreme Court which was denied June 23, 1995. Prior to the Supreme Court's action on the writ application, Mr. Sattar filed a motion for appeal in the trial court and an "application for appeal" in this court. The latter was docketed as a writ application under No. 95-C-1049, and denied as repetitive on June 30, 1995.
The ruling that is the subject of this appeal is exactly the same ruling that was complained of in the two writ applications; the brief and exhibits are virtually the same documents filed in support of the writ applications. There has been no further action by the trial court since it maintained the defendants' exceptions, precluding Mr. Sattar from asserting claims for groups of which he is not a member.
Defendants assert that the issues raised in this appeal were already litigated in the writ denial. They contend that we ruled on the merits of the writ application and held that plaintiff has no right of action. They argue that this ruling is now the law of the case.
The Supreme Court explained the "law of the case" doctrine in Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 256 So.2d 105, 107 (La.1971):
With regard to an appellate court, the `law of the case' refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case. This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue.
Generally, when an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the "law of the case," foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. Tolis v. Board of Supervisors of Louisiana State Univ., 94-1444 (La.App. 4th Cir. 5/16/95), 655 So.2d 747; Easton v. Chevron Indus., Inc., 602 So.2d 1032, 1038 (La.App. 4th Cir.), writ denied, 604 So.2d 1315, 1318 (La.1992). However, the denial of a writ application creates a different situation. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Goodwin v. Goodwin, 607 So.2d 8 (La.App. 2d Cir.1992); State v. Fontenot, 550 So.2d 179 (La.1989); State v. Smith, 322 So.2d 197 (La.1975).
*553 This court denied Mr. Sattar's application for supervisory writs, declining to exercise its supervisory jurisdiction; this does not bar reconsideration of the same question when an appeal is taken from a final judgment.

DISCUSSION:
Initially, we point out that an exception of no right of action and an exception of no cause of action are distinct exceptions. An exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition. The exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff. Franks v. Royal Oldsmobile Co., Inc., 605 So.2d 633 (La.App. 5th Cir.1992).
Defendants claimed in their pleading that Mr. Sattar was not a member of the various groups for which he asserted claims in his Second Supplemental and Amending Petition. Therefore, he had no standing or right of action to assert those claims. Further, Mr. Sattar could not seek redress on behalf of classes of persons to which he does not belong. However, a close reading of the petition reveals that Mr. Sattar did not make claims on behalf of those groups. In his amending petition, Mr. Sattar added Patricia Terry, an employee of the Royal Sonesta Hotel, as a defendant. He then alleged various additional acts of negligence by Ms. Terry and the Royal Sonesta. He does not allege that these other groups were damaged by these acts of negligence, nor does he assert a claim on their behalf. Rather, the allegations in the supplemental petition are evidentiary in nature to prove a pattern or course of conduct. Thus, he is not stating a cause of action on behalf of these groups. Maintenance of the exception of no cause of action was improper because Mr. Sattar does state a cause of action, i.e., alleged violations of La.Rev.Stat.Ann. 23:1006.
The same logic holds true for the exception of no right of action and motion to strike. Because Mr. Sattar does not make any claims for damages on behalf of those classes of persons to which he does not belong, maintenance of the exception of no right of action and motion to strike is also improper.
For the reasons stated above, we reverse the judgment of the trial court and remand this matter for trial on the merits.
REVERSED AND REMANDED.