833 So.2d 1245 (2002)
Mary L. RUBIN and Richard L. Rubin
v.
WESTPORT INSURANCE CORPORATION, et al.
No. 02-CA-643.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2002.
Rehearing Denied January 16, 2003.
Tracey L. Rannals, Gainsburgh, Benjamin, David, Meunier & Warshauer, New Orleans, LA, for Plaintiffs/Appellees.
Michael P. Mentz, Alayne R. Concoran, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, for Appellant/Defendant, Westport Insurance Company.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and MARION F. EDWARDS.
*1246 THOMAS F. DALEY, Judge.
The defendant, Westport Insurance Company, has appealed the trial court's denial of its Motion for Summary Judgment. For the reasons that follow, we dismiss this appeal and remand for further proceedings.
Plaintiffs, Mary and Richard Rubin, filed a legal malpractice lawsuit against Ronald J. Savoie, the law firm Jackson, Jackson, and Wyble, L.L.C., and their insurer Westport Insurance Company (Westport). Westport and/or its predecessor, Coregis Insurance Company issued a number of policies to the law firm from 1995 to 2000. Westport was granted summary judgment with regard to policy number LA243764-1 with policy dates of 5/20/98 to 5/20/99. Westport later moved for summary judgment in regard to policy number LAL-241411-5 claiming there is no coverage under this policy. The trial court denied Westport's Motion for Summary Judgment and certified that judgment as final.
Mr. Savoie filed a Motion to Dismiss this appeal claiming this court had no subject matter jurisdiction in this matter because an identical lawsuit was dismissed with prejudice in Orleans Parish, making the present lawsuit moot. By order of this Court, Westport filed a response to Savoie's Motion to Dismiss claiming the underlying claim was not moot because the Orleans Parish suit had not been decided on the merits. This Court denied Savoie's Motion to Dismiss on those grounds.
However, Code of Civil Procedure Article 968 provides that "An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." Code of Civil Procedure Article 1915 provides for the certification of partial final judgments, however, article 1915 does not supercede article 968. The certification of the denial of Westport's Motion for Summary Judgment by the trial court did not convert a non-appealable judgment into an appealable judgment. See Short v. Ochello, 01-1358 (La. App. 5 Cir. 2/26/02), 811 So.2d 1009. The judgment denying Westport's Motion for Summary Judgment is not appealable, and therefore, this appeal is dismissed.
Review of this judgement is properly taken under this court's supervisory jurisdiction. However, this court does not convert appeals into Writ Applications. See Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356. Therefore, the parties are given thirty days from the date of this action to file, if they desire, an Application for Writs that fully complies with Rule 4, Uniform RulesCourts of Appeal. A copy of this opinion must be included in the Writ Application for compliance with Rule 4-3, Uniform Rules Courts of Appeal.
APPEAL DISMISSED; REMANDED.