875 So.2d 885 (2004)
Edward WARE
v.
Dezria R. MUMFORD and Farm Bureau Insurance Company.
No. 04-CA-118.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 2004.
*886 James I. Maher, III, New Orleans, LA, for Plaintiff/Appellee.
James S. Thompson, Chauntis T. Jenkins, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
On February 15, 2001, plaintiff/appellee Edward Ware was operating a pick-up truck owned by his employer, Jefferson Parish Department of Public Works, when it was struck from the rear by Dezria Mumford. Ms. Mumford was uninsured at the time of the accident, and the pickup truck was self-insured by the Parish of Jefferson. Ware was, however, the named insured on a policy of automobile liability insurance issued to him by Farm Bureau Insurance Company, which included uninsured/underinsured motorist coverage.
Ware filed suit against Ms. Mumford and Farm Bureau. Farm Bureau denied coverage. A supplemental and amending suit was subsequently filed, naming Anthony Voiron, the insurance agent for Ware, as an additional defendant.
It was alleged that the policy, originally issued on August 28, 1996 for an initial 6-month term, was renewed at the expiration of each 6-month period. In September, 1998, Farm Bureau revised the policy to exclude UM coverage for "any automobile or trailer owned by or furnished for the regular use of the named insured."
Farm Bureau filed a Motion For Summary Judgment, alleging that under the UM provision in the revised policy, it did not provide coverage for the accident which occurred while Ware was driving the vehicle owned and supplied to him by Jefferson Parish.
In an affidavit submitted in connection with an opposition to the Motion For Summary Judgment, Melvina Ware, who manages the family insurance matters, denied that she ever received either the original or any revised policies from Farm Bureau noticing the change in UM coverage, and further denied that their insurance agent ever informed them that coverage would be unavailable while her husband operated his employer's vehicle.
The matter was argued and submitted to the trial court, which denied the Motion For Summary Judgment on July 22, 2003. On August 19, 2003, Farm Bureau filed a motion to make the judgment final and appealable pursuant to La.Code Civil Procedure art. 1915(A). On September 26, Farm Bureau filed a Notice of Intent to apply to this court for supervisory writs, but writs were not taken. On October 1, 2003, Farm Bureau filed a motion for appeal.
La.Code of Civil Procedure Article 968 provides that "An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." Code of Civil Procedure Article *887 1915 provides for the certification of partial final judgments. However, article 1915 does not supercede article 968.[1] The certification of the denial of Farm Bureau's Motion for Summary Judgment by the trial court did not convert a non-appealable judgment into an appealable judgment.[2]
Review of this type of judgment is properly taken under this court's supervisory jurisdiction. However, this court does not convert appeals into Writ Applications.[3] Further, under the circumstances of this case, Farm Bureau is not entitled to bring this matter in an application for writs. The record indicates that the judgment and notice of judgment were signed and mailed on July 22, 2003. The Notice of Intent to file a writ application was filed on September 26, 2003, long after the expiration of the 30-day time period enunciated in Rule 4-3, Uniform Rules of the Courts of Appeal.
For the foregoing reasons, this appeal is dismissed. Farm Bureau is to pay all costs.
APPEAL DISMISSED.
NOTES
[1] Rubin v. Westport Ins. Corp., 02-643 (La. App. 5 Cir. 12/11/02), 833 So.2d 1245.
[2] Rubin v. Westport Ins. Corp., supra; also see Short v. Ochello, 01-1358 (La.App. 5 Cir. 2/26/02), 811 So.2d 1009.
[3] Rubin v. Westport Ins. Corp., supra; see also State v. Goodman, 03-1279 (La.App. 5 Cir. 2/23/04), 868 So.2d 861.