WALTER J. ROTHSCHILD, Judge.
LOn May 9, 2005, plaintiff, Mary Davis, filed suit against defendants, Sze Tin Wong and Chinese King Restaurant, Inc. (“Chinese King”), alleging that she sustained injuries during the course and scope of her employment with Chinese King. Plaintiff asserts that she was asked by her manager to clean the restaurant’s restroom that had a leaking toilet and, as she was cleaning the puddle of water, she slipped and fell, causing her to sustain injuries. Plaintiff contends that she attempted to file a claim for worker’s compensation, but she was informed that defendants did not have worker’s compensation insurance. Plaintiff then brought the instant suit against defendants in tort, alleging that her injuries were caused by defendants’ negligence.
On May 25, 2005, defendants filed exceptions of prescription, no cause of action, and vagueness. These exceptions came for hearing on June 23, 2005.[1] On July 21, 2005, the trial judge signed a judgment denying defendants’ exceptions of |sno cause of action and prescription, and granting defendant’s exception of vagueness but allowing plaintiff 15 days to file *583 an amended petition. Defendants seek to appeal the trial court’s denial of their exception of no cause of action.
Under LSA-C.C.P. art. 1841, a final judgment is a judgment that “determines the merits in whole or in part,” and an interlocutory judgment is one that “does not determine the merits but only preliminary matters in the course of the action.” See also LaPlace Sand Co. v. Troxler, 98-86 (La.App. 5 Cir. 5/27/98), 712 So.2d 1077. LSA-C.C.P. art. 1915 sets forth the instances when a final judgment may be rendered, even though it does not grant the successful party all of the relief sought or does not adjudicate all of the issues in the ease.
In the instant case, the judgment denying defendants’ exception of no cause of action does not determine the merits of the case in whole or in part, and is not a partial final judgment, as defined by LSA-C.C.P. art. 1915. The trial ■ court’s judgment denying defendants’ exception of no cause of action is an interlocutory judgment that is not appealable in the absence of irreparable injury. Irreparable injury has’not been shown or even alleged in this case.
Review of the interlocutory judgment denying defendants’ exception of no cause of action is properly taken under this court’s supervisory jurisdiction. However, this court does not convert appeals into writ applications. See Rubin v.Westport Ins. Corp., 02-643 (La.App. 5 Cir. 12/11/02), 833 So.2d 1245; and Meany v. Meany, 96-585 (La.App. 5 Cir. 11/26/96), 685 So.2d 356. Accordingly, we dismiss defendant’s appeal and remand this matter for further proceedings.

APPEAL DISMISSED.

. The record contains a judgment dated July 8, 2005, denying defendants' exception of no cause of action and indicating that this exception was heard on June 9, 2005. However, the record does not contain a transcript from a hearing on June 9, 2005 and there is no minute entry indicating that a hearing was held on June 9, 2005. The record does contain a minute entry and a transcript of the June 23, 2005 hearing indicating that defendants’ exceptions were heard. Regardless, we find that this inconsistency is irrelevant to the matter before us, because the July 8, 2005 and July 21, 2005 judgments both reflect the same ruling on defendants' exception of no cause of action.