WALTER J. ROTHSCHILD, Judge.
bBrigitte B. Holthausen, Luciano Hol-thausen and Holthausen, Inc. a/k/a “Hemline,” filed the instant Petition for Damages and Breach of Contract against DMartino, LLC, Muriel Martins and Ly-nell Decker on the basis of certain lease agreements executed between the parties. Plaintiffs subsequently filed a Supplemental and Amending Petition for Damages requesting temporary, preliminary and in-junctive relief against defendants.
The allegations of these petitions indicate that plaintiffs operate a retail women’s clothing business in Louisiana, and as part of the business, plaintiffs lease the use of their trade names and logos to certain retailers. In the original petition, plaintiffs alleged that they entered into a lease agreement in 2004 with defendants who opened “Hemline” stores in Houston, Texas. Plaintiffs further alleged that defendants breached the contract of lease in several enumerated instances. Plaintiffs also sought a declaratory judgment that defendants acted in bad faith in their performance of their obligations under the agreement. In the | ¡¡supplemental petition, plaintiffs alleged that new five-year lease agreements were executed with defendants in 2008 for the three stores defendants were operating at that time. According to plaintiffs’ allegations, these agreements included a provision that during the lease term and for one year after its termination, defendants were prohibited from owning or operating a women’s clothing business in the Houston area, (hereinafter referred to as “the Non-Compete Clauses”). Plaintiffs attached to their petitions copies of the aforementioned lease agreements between the parties.
Defendants responded with an answer including affirmative defenses as well as a reconventional demand alleging breach of the lease obligations by plaintiffs. Thereafter, defendants filed a motion for partial summary judgment seeking a ruling that the Non-Compete Clauses of the 2008 lease agreements were invalid and unenforceable as a matter of law. Defendants argued that Texas law applies to the enforcement of the Non-Compete Clauses of the agreements, and that pursuant to applicable Texas law, the Non-Competes are unforceable.
Plaintiffs subsequently filed a cross-motion for partial summary judgment on the issue of the enforceability of the Non-Compete Clauses and also filed an opposition to defendants’ summary judgment motion. Plaintiffs contended that the agreements in this case contain both choice of law provisions and forum selection clauses. Plaintiffs argued that Louisiana law was applicable to resolve the issues between the parties. Plaintiffs sought summary judgment that the Non-Compete Clauses are enforceable pursuant to Louisiana law.
This matter came for hearing on January 21, 2010. After argument, the trial *641 court orally granted defendants’ motion for partial summary judgment and denied plaintiffs’ motion, thereby finding the Non-Compete Clauses to be unenforceable as a matter of law. On the same day, plaintiffs requested written reasons for | Judgment pursuant to La. C.C.P. art. 1917. Defendants objected to the request for written reasons on the basis that article 1917 only requires written reasons in “appealable contested cases.” On February 4, 2010, the trial court entered an ex parte order denying the request for reasons, stating “[t]he matter subject to the request was not a final judgment.” On February 8, 2010, plaintiffs noticed their intent to seek supervisory review from the trial court’s January 21, 2010 ruling.
Our Court records indicate that on March 17, 2010, the Holthausen plaintiffs filed a writ application from the trial court’s January 21, 2010 ruling. Defendants’ opposition thereto was filed on March 26, 2010. Plaintiffs were granted time to respond and filed a reply memorandum on March 31, 2010. On May 5, 2010, the writ application was denied by a panel of this Court with the following language:
On the showing made, we decline to exercise our supervisory jurisdiction in this matter. Further, relator has an adequate remedy on appeal. This writ application is hereby denied.
Holthausen, et al v. DMartino, LLC, et al, No. 10C219 (La.App. 5 Cir. 5/5/2010). Our records indicate that plaintiffs did not file an application for review of this decision with the Louisiana Supreme Court.
Several months later, on January 14, 2011, plaintiffs filed in the trial court a Motion to Vacate and Partial Summary Judgment and/or Declaratory Judgment. In that motion, plaintiffs requested that the trial court vacate its previous judgment and issue partial summary judgment declaring that the' Non-Compete Clauses executed by the parties were valid under Texas law and that defendants breached certain applicable sections of the contracts. Plaintiffs also argued that as the trial court applied Texas law to this dispute, the court was required to reform the agreements to comply with law. Plaintiffs further argued that because the trial Rcourt did not declare its previous ruling to be a final judgment, the court had the authority to vacate that ruling. Defendants opposed this motion on the basis that reconsideration of the trial court’s ruling was unwarranted.
This matter was heard by the trial court on March 3, 2011, and by judgment rendered the same day, the motion to vacate and partial summary judgment were denied. The trial court further stated that the judgment constitutes “a final judgment as there is no just reason for delay on the issue of whether or not the non-compete clause is enforceable.” It is from this judgment that plaintiffs now seek this de-volutive appeal.
In its oral reasons stated at the motion hearing, the trial court denied the motion to vacate on the basis of the doctrine of law of the case, noting that plaintiffs’ counsel indicated that there had been no change in the law or facts since the court’s previous ruling. Thus, the trial court upheld its previous ruling denying the motion for partial summary judgment. The trial court further stated:
Now, what I am going to add to my order and my ruling is that this is a final judgment, all right, and that language is to be incorporated in my judgment on your motion. So then if there is some concern on your client’s part about the Fifth Circuit declining to exercise its supervisory jurisdiction, I think with that language you can now exercise an appeal, okay, from my ruling.
*642 By the present appeal, plaintiffs argue that the trial court erred in its determination that this matter is governed by the doctrine of law of the case. Further, plaintiffs argue that the trial court erred in ruling the Non-Compete Clauses were unenforceable under Texas law and in failing to reform the agreement to comply with the law.
Based on the unusual posture of this case, we find it appropriate for us to consider the basis for our jurisdiction before addressing the merits of this appeal. Appellate courts have the duty to examine subject matter jurisdiction sua sponte, |fieven when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., 2002-0716 (La.App. 1st Cir.4/30/08), 867 So.2d 715, 717; Boudreaux v. State, Dept. of Transp. and Development, 011329 (La.2/26/02), 815 So.2d 7, 13.
The judgment from which this appeal is taken is a denial of plaintiffs’ motion to vacate the court’s previous ruling denying the motion for partial summary judgment. The judgment in the present case does not adjudicate all of the claims of the parties because there has been no decision as to the merits of the petition or the reconven-tional demand. It is evident that the judgment will not terminate the suit, and that the same parties will continue to litigate the remaining issues. Nevertheless, without stating reasons therefor, the trial court designated the judgment as final for purposes of an immediate appeal.
The law in Louisiana is well settled that a final judgment is appealable in all causes in which appeals are given by law. La. C.C.P. art. 2083. An interlocutory judgment is appealable only when expressly provided by law. Id. When a court renders a partial judgment or a partial summary judgment as to one or more but less than all of the claims, demands, issues, or theories, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1). However, the law specifically provides that an appeal does not lie from the court’s refusal to render a summary judgment. La. C.C.P. art. 968.
This Court has previously considered the issue of whether a denial of a summary judgment constitutes a final appealable judgment when it has been designated as such by the trial court. In Ware v. Mumford, 04-118 (La.App. 5 Cir. 5/26/04), 875 So.2d 885, this Court dismissed an appeal of a denial of defendant’s motion for summary judgment stating as follows:
|7La.Code of Civil Procedure Article 968 provides that “An appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.” Code of Civil Procedure Article 1915 provides for the certification of partial final judgments. However, article 1915 does not supercede article 968. The certification of [defendant’s] Motion for Summary Judgment by the trial court did not convert a non-appealable judgment into an appealable judgment. Id., 04-118, p. 2, 875 So.2d at 886-887.
Although the judgment in the present case was designated by the trial court as final, we are not bound by this determination. When no reasons are given by the trial court for certification, the appellate court reviews the certification de novo. When an appellate court determines that a certification was an abuse of discretion, the appeal must be dismissed. Berman v. De Chazal, 98-81 (La.App. 5th Cir.5/27/98), 717 So.2d 658.
After a review of the record, we conclude that the trial court abused its discretion in certifying the judgment as a final *643 one for the purpose of an immediate appeal under La. C.C.P. art. 1915. This Court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. We are bound to follow the holding in Ware, and therefore conclude that the trial court’s denial of plaintiffs’ motion to vacate the denial of the motion for partial summary judgment is an interlocutory judgment. Further, the court’s designation of this interlocutory judgment as final has no legal effect, and the interlocutory judgment is not subject to an immediate appeal.
Accordingly, we conclude that we have no appellate jurisdiction to consider the merits of the present appeal. Due to our resolution of this jurisdictional issue, we do not reach the issues raised by plaintiffs addressing whether the trial court properly denied the partial summary judgment. This issue may be addressed when a final judgment is rendered in this case.
IsFor the reasons stated herein, the present appeal is hereby dismissed. Costs of the appeal are to await a final judgment in this case.

APPEAL DISMISSED