MAX N. TOBIAS, JR., Judge.
|TIn this case involving a claim for coverage under a property insurance policy issued by Lafayette Insurance Company (“Lafayette”) for the collapse and total loss of covered property sustained during Hurricane Gustav, the insureds, Clyde and Joanne Leblanc (the “Leblancs”), appeal from a 19 March 2014 partial final judgment dismissing their claims against their insurance agent, 1555 Poydras Corporation,[1] Brown & Brown of Louisiana, Inc., and Julie Bell (collectively, “Poydras”) on summary judgment on the basis that the Lafayette policy excluded coverage. Given the unusual procedural posture of this case as a result, inter alia, of earlier rulings by this court, we vacate the trial court’s judgment and remand the matter for further proceedings consistent with this opinion.

Factual Background and Procedural History

The Leblancs owned two adjacent Orleans Parish properties located at 115 North Genois Street (the “Property”) and 3609 Canal Street. The structures on the 12Property sustained extensive damage in Hurricane Katrina[2] and, due to further damage occasioned during Hurricane Gustav, was declared a total loss. Following Hurricane Gustav, the city of New Orleans was forced to raze the property.
The record reflects that the Leblancs’ properties had been insured by Lafayette since the 1960s. The Leblancs insured the structures on the Property with Lafayette through their insurance agent, Poydras. In November 2007, the Leblancs executed *1224 a power of attorney granting their son, Tom Leblanc (“Tom”), the authority to act on their behalf for all of their personal insurance policies, including the Lafayette policies. Both Lafayette and Poydras were made aware of Tom’s agency status relative to the various insurance policies.
Following Hurricane Gustav in September 2008, Tom contacted Poydras to file a claim on behalf of his parents for the total loss and destruction of the structures on the Property. Poydras advised Tom that the Lafayette policy had been terminated and that the Property was no longer insured. Tom then filed a claim for the loss with Lafayette; the claim was denied on the basis that the policy insuring the Property had been terminated prior to the date of loss due to the non-payment of premium.
Despite Tom having twice provided Poy-dras with his parents’ change of address and a request that Poydras change the Leblancs’ addresses on all of their policies with Lafayette, neither Tom nor his parents ever received a notice of cancellation of the policy from Lafayette or Poydras. The record reflects that both |sthe notice requesting payment of their insurance premium to avoid policy termination and the actual notice of cancellation of the policy were sent by Lafayette to the Leblancs’ prior address and then returned to Lafayette undelivered. Consequently, when no premium payments were received, Lafayette cancelled the policy. The record further reflects that on 23 June 2008, Lafayette also sent a copy of the Leblancs’ notice of cancellation to Poydras.
On 19 February 2009, the Leblancs filed suit against Lafayette, 1555 Poydras Corporation, and Ms. Bell.[3] The Leblancs subsequently amended their petition to include as a defendant Brown & Brown of Louisiana, the owner and operator of 1555 Poydras Corporation. After answering the Leblancs’ petition denying liability and conducting discovery, in September 2011, Lafayette filed a motion for summary judgment seeking dismissal from the suit, which the trial court granted.[4] On appeal, this court reversed and remanded the matter to the trial court for further proceedings, reasoning that the existence of an agency relationship between an insurer and an intermediary is a question of fact dependent upon the particular circumstances of each case and that a genuine issue of material fact existed as to whether Lafayette should be held liable for the negligence of Poydras in failing to change the Leblancs’ billing and mailing address on the insurance policy as requested by Tom. Lafayette sought supervisory review from the Supreme Court, which was denied. Leblanc v. 1555 Poydras Corp., 12-0597 (La.App. 4 Cir. 11/28/12), 104 So.3d 688, writ denied 12-2768 (La.2/22/13), 108 So.3d 773.
In July 2013, Poydras filed a motion for leave to file a cross-claim against Lafayette. A hearing was scheduled on 12 September 2013 for Lafayette to show cause as to why Poydras’ motion for leave should not be granted. While the record reflects service of the motion and show cause order upon Lafayette and the Leblancs, we find no evidence that a hearing on the motion was held, a judgment or order rendered, *1225 or that Lafayette ever filed an answer to the proposed cross-claim. Additionally, the record on appeal contains no “third-party demand” by Lafayette against Poy-dras.
Following the deadline for the completion of all discovery, on 15 January 2014, Poydras filed a motion for summary judgment on the basis that, notwithstanding its cancellation for non-payment of premium, the policy issued by Lafayette insuring the Property excludes coverage for damages caused by “settling, shrinking, bulging or expansion of foundations, by vermin or insects, by water damage, including flood, and by inadequate, faulty or defective maintenance ... and for damages caused directly or indirectly by [the Leblancs’] ‘neglect to use all reasonable means to save and preserve the property at and after the time of loss.’ ” According to Poy-dras, the Leblancs’ loss to the Property was not caused by Hurricane Gustav, but rather, by preexisting unrepaired termite and foundation damage (including shifting, settling, and rotation of the piers), and the Leblancs’ failure to conduct adequate maintenance or repairs to the Property between Hurricane Katrina and Hurricane Gustav. Consequently, Poydras argued that because the Leblancs’ loss is precluded under the exclusionary provisions of the Lafayette policy, the Leblancs are barred from recovering against it as the agent as |fia matter of law; ie., an insured cannot recover against an agent for losses that are not within the scope of the policy.
The following day, Lafayette filed its own motion for partial summary judgment, proverbially referred to as a “me too” motion. Pursuant to La. C.C.P. art. 853, Lafayette adopted by reference the motion, supporting memorandum, statement of uncontested material facts, and exhibits previously submitted by Poydras seeking to establish that coverage of the loss was excluded under the policy’s exclusionary provisions due to the Leblancs’ purported neglect and the condition of the property prior to Hurricane Gustav.
The motions for summary judgment filed by Poydras and Lafayette came for hearing on 27 February 2014.[5] Following argument, the trial court (1) granted Poy-dras’ motion for summary judgment, dismissing the Leblancs’ claims against it, finding Poydras bore no liability to the Leblancs because the Lafayette policy excludes coverage for their claimed property loss, and (2) denied Lafayette’s “me too” summary judgment motion. In denying Lafayette’s motion, the trial judge expressed concern over the unresolved factual issue regarding why Lafayette continued to renew the Leblancs’ policy insuring the Property for three consecutive years following Hurricane Katrina, which policy purportedly covered the property for fire, windstorm and “other perils,” since Lafayette had, at the very least, constructive knowledge that the damages sustained to the property in Hurricane Katrina had not been repaired.
|,¡Separate judgments disposing of the motions were signed on 19 March 2013.
As to the judgment rendered against it, Lafayette filed an application for supervisory review with this court. Finding “no error in that ruling as genuine issues of material fact remain,” we denied the writ application on 24 June 2014. Leblanc v. 1555 Poydras Corp., 14-0417, unpub. (La.App. 4 Cir. 06/24/14).

*1226
The Effect of a Writ Denial

We first note that a writ denial, as 'well as the reasons given therefor, are not authoritative and do not make law. Davis v. Jazz Casino Co., L.L.C., 03-0276, 03-1223, p. 1 (La.6/6/03), 849 So.2d 497, 498. A denial of supervisory review does not constitute the court’s considered opinion on the allegations made in a writ application, but is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction in that case. Johnson v. Mike Anderson’s Seafood, Inc., 13-0379, p. 5 (La.App. 4 Cir. 6/11/14), 144 So.3d 125, 130; State v. Whitton, 99-1953, p. 16 (La.App. 4 Cir. 9/27/00), 770 So.2d 844, 853; Sattar v. Aetna Life Ins. Co., 95-1108, pp. 3-4 (La.App. 4 Cir.3/20/96), 671 So.2d 550, 552 (La.App. 4 Cir.1996). The denial by a court of appeal of a writ application seeking to invoke that court’s supervisory jurisdiction neither “blesses nor adopts the [trial court’s] factual determination or expressions of law.” McClendon v. State, Dept. of Transp. and Development, 94-0111, p. 2 n. 1 (La.9/6/94), 642 So.2d 157, 158. Consequently, the denial does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Sattar, p. 4, 671 So.2d at 552; Levine v. First Nat. Bank of Commerce, 06-394, p. 7 n. 4 (La.12/15/06), 948 So.2d 1051, 1057; In re Successions of Powell, 10-480, p. 6 (La.App. 5 Cir. 3/29/11), 64 So.3d 267, 271; Diamond B Const. Co., Inc. v. Department of Transp. and Development, 02-0573, p. 6 (La.App. 1 Cir. 2/14/03), 845 So.2d 429, 434; Goodwin v. Goodwin, 607 So.2d 8, 10 (La.App. 2d Cir.1992); State v. Smith, 322 So.2d 197, 204 n. 2 (La.1975).

Discussion

The Leblancs now seek reversal of the trial court’s judgment rendered on 19 March 2013 granting Poydras’ motion for summary judgment dismissing their claims against it.[6] Specifically, the Leblancs contend the trial court erred in determining that no genuine issue of material fact remains regarding whether the total loss sustained to the Property is excluded from coverage under the terms and conditions of the Lafayette policy, thereby relieving Poydras, as the agent, from any liability. Conversely, Poydras reiterates the established legal principle that an insured’s recovery against an insurance agent is limited to those losses that he is entitled to recover from the insurer under the policy and, thus, because the trial court found no coverage under the Lafayette policy, the Leblancs have experienced no losses for which they are entitled to recover under the policy from Lafayette and/or, consequently, from Poydras.
We find the trial court’s 19 March 2013 judgments have created a procedural quagmire in this case. We note that when this court reviewed the trial court’s denial of Lafayette’s motion for summary judgment, we did not have the whole record of the case before us. In denying Lafayette’s motion for summary judgment addressing only whether its policy affords coverage, the trial court’s judgment implies that a genuine issue of material fact remains as to whether the policy affords coverage for the Leblancs’ alleged property loss, in whole or in part. | sOur decision that was effectively a refusal to exercise our supervisory jurisdiction at that time means that, as to Lafayette, the issue of whether the exclusionary provisions contained in its policy apply to preclude coverage for any or all of the Leblancs’ claimed property loss may be reconsidered once a final judgment determining coverage is rendered.
On the other hand, the trial court’s judgment granting Poydras’ motion contesting *1227 coverage under the same Lafayette policy suggests the court found that, in fact, the exclusionary provisions contained therein preclude coverage for all of the Leblancs’ claimed property loss. As rendered, the two judgments are irreconcilable.[7]
Pretermitting the issue of whether the Lafayette policy excludes coverage for the Leblancs’ property loss, we find that in order to do substantial justice, at this time we must vacate the trial court’s judgment at issue. See La. C.C.P. art. 2164. The inconsistent judgments cannot stand and since this court only presently has jurisdiction over Poydras’ judgment against the Leblancs, we must restore the parties to the position they were in prior to the trial court’s ruling (a) denying Lafayette’s motion for summary judgment against the Leblancs and (b) granting Poydras’ motion for summary judgment against the Le-blancs. The insurance policy between Lafayette and the Leblancs is solely an agreement between the ^insurer' and the insured. Poydras is not a party to the insurance contract and has no direct interest in the terms thereof.[8]

CONCLUSION

For the foregoing reasons, we vacate the trial court judgment granting Poydras’ motion for summary judgment and remand the matter for further proceedings.
VACATED; REMANDED.

. At all times pertinent, 1555 Poydras Corporation was formerly doing business as Independent Insurance Associates, Inc.

. In January 2006, following Hurricane Katrina, Lafayette notified the Leblancs by letter that, having discovered "settlement of the pillars, flood softening the soil,” and "termite damage to the wood on the inside,” that “no additional covered damages” remained, and that "no further payment” under the Lafayette wind policy would be made. Nonetheless, Lafayette renewed the Leblancs' homeowners’ policy and reinsured the Property for several years thereafter for damages caused by fire, windstorm, and "other perils.”

. Ms. Bell was an agent/employee of Poydras at all times pertinent to the claims set forth in this lawsuit.

. The trial court reasoned that Poydras (or Ms. Bell) was not the agent of Lafayette, but rather only a broker and, as such, Lafayette was not bound by, or imputed with the knowledge of, the change of address with the insurance agent. Consequently, the trial court determined that Lafayette’s notice of cancellation was sufficient to terminate the policy.

. On that same day, the court also heard a motion for partial summary judgment filed by the Leblancs seeking a determination of liability while reserving the quantum of such liability for trial, and the Leblancs’ motion in li-mine to exclude the report of Poydras' expert engineer for failure to timely disclose same. The trial court denied both of the Leblancs' motions.

. The trial court did not assign written reasons for judgment.

. In denying Lafayette’s motion and granting that of Poydras, it may be that the trial court found that Lafayette’s policy exclusions prevented coverage for all of the Leblancs’ property losses, but that Lafayette remained potentially liable to the Leblancs on other grounds (i.e., for bad faith); however, this is not clear from the judgments as rendered. We do not by our decision herein express any opinion as to the correctness of the trial court’s judgment denying Lafayette’s motion for summary judgment and this court’s denial of the writ application seeking review thereof. The decisions, however, ought to be consistent.

. The relationship, rights and duties existing. between the insured and the agent regarding procuring the policy of insurance exists separate and apart from the contract of insurance procured.