HANS J. LILJEBERG, Judge.
|2On February 25, 2008, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed *1207 Certificates, Series 2006-22 (“Bank of New York”)[1] filed a Petition for Executory Process against William Holden, seeking to have the immovable property located at 1757 Sherbrooke Lane in Harvey, Louisiana, seized and sold. Bank of New York asserts that Mr. Holden failed to pay the. installments due on a promissory note secured by a mortgage on this property. ' On February 29, 2008; the trial court signed an order of seizure, directing the Jefferson Parish Sheriff to seize and sell the property, as requested in Bank of New York’s petition.
The property was scheduled to be sold at a sheriffs sale on October 20, 2010. However, according to Bank of New York, it requested cancellation of the 1¡¡sale after it was informed that Mr. Holden had filed for Chapter 18 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Georgia on September 23, 2010. On March 26, 2013, Bank of New York filed a. Motion for Relief of Stay in the bankruptcy court. On April 29, 2013, the bankruptcy court issued an order modifying the automatic stay to allow Bank of New York to proceed with the foreclosure proceedings in state court.
On December 4, 2014, Nola Renewal Group, L.L.C. (“Nola Rénewal”) filed an “Ex Parte Motion to Dismiss ■ Without Prejudice Pursuant to Abandonment Article 561.” In its motion, Nola Renewal argued that no steps were takén in the prosecution of'this action for more than three years and thus, the case should be dismissed as abandoned. It further asserted that it is an “interested person” that is entitled to seek dismissal of this action on the grounds of abandonment under La. C.C.P. art. 561,'because it is the possessor of the property located at 1757 Sherbrooke Lane in Harvey. ' In support of its motion, Nola Renewal submitted an affidavit from its manager, Larry Jackson, Jr., indicating that Nola Renewal commenced possession of the property on January 5, 2012, and that it continues to maintain corporeal possession of the property through its lessee who inhabits the property. It.also submitted a copy of an.“Affidavit of Possession” which it recorded in the conveyance records of Jefferson Parish, and a copy of a residential lease between Nola Renewal, as. landlord, and a lessee. On December 4, 2014, the trial court signed a judgment, dismissing this case without prejudice, on the grounds of abandonment.
Thereafter, on December 16, 2014, Bank of New York filed a “Motion to Set Aside Dismissal,” seeking to set, aside the trial court’s December 4, 2014 judgment. In its motion, Bank of New .York argued that while it did not take any action in this matter for over three years, the, exception of contra non. valentum Rshould apply to preclude dismissal on the grounds of abandonment. It asserted that the filing of the bankruptcy petition operated as a stay of all judicial proceedings against Mr. Holden and his property, pursuant to 11 U.S.C. § 362, thus preventing .Bank of New York from, taking any steps in the prosecution of this foreclosure .proceeding until the stay was-niodified in April.pf 2013.
After a hearing .on April 29, 2015, the trial court granted. Bank of New York’s Motion to Set Aside Dismissal and *1208 vacated its December. 4, 2014 judgment. The trial court further certified its judgment .in this matter as final and immediately appealable. Nola Renewal seeks .to appeal this judgment of the trial court. However, our review of the matter reveals that this appeal must be dismissed for lack of appellate jurisdiction.
La. C.C.P. art. 2083 provides that a final judgment is appealable in all causes “ in which appeals are given by law, ’Article 2083 further provides that an interlocutory judgment is appealable only when expressly provided by law. Holthausen v. DMartino, L.L.C., 11-561, p. 6 (La.App. 5 Cir. 1/4/12), 86 So.3d 639, 642.
A final judgment is a judgment that “determines, the merits in whole or in part,” and an interlocutory judgment ⅛ one that “does not determine the merits but only preliminary matters in the course of the action.” La. C.C.P. 1 art. 1841; Davis v. Wong, 05-853, p. 3 (La.App. 5 Cir. 3/28/06), 927 So.2d 581, 583. La. C.C.P. art. 1915(A) sets forth the instances when a final judgment may be rendered, even though it does not grant the successful party all of the relief sought or' does not adjudicate all of the issues in the case. Id. La. C.C.P. art 1915(A) sets forth the instances when a partial judgment may be certified as final by the trial court.
A judgment vacating a dismissal under La. C.C.P. art. 561 is an interlocutory judgment, not a final judgment. Bonorden v. Gertrude Gardner Realtors, Inc., 01-1858 (La.App. 4 Cir. 3/27/02), 815 So.2d 300, 301. Although the trial court certified the judgment at issue as final and immediately appealable, not all rulings may be certified as final under La. C.C.P. art. 1915(B). Tramontin v. Tramontin, 10-60, p. 8 (La.App. 1 Cir. 12/22/10), 53 So.3d 707, 712.
. Our review of the matter before us reveals that the judgment at issue was improperly designated as final by the trial court, and that this interlocutory judgment is not subject to an immediate appeal. Accordingly, we conclude.that we have no appellate jurisdiction to consider the merits of the present appeal, and we therefore dismiss this appeal without prejudice.
In its brief, Nola Renewal asks this .Court to convert this appeal to a writ application in the event that the judgment is deemed to be interlocutory. This Court typically does not convert appeals into writ applications. Davis, 05-853 at 3, 927 So.2d at 583. However, we grant Nola Renewal thirty days from the date of this opinion to filé' ■ a writ ■ application, if it so chooses,

DECREE

For the foregoing reasons, we dismiss this appeal without prejudice. We further grant Nola Renewal thirty days from the date of this opinion to file a writ application with this Court.

APPEAL DISMISSED

. Plaintiff was initially designated as "Bank of New York as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-22 and/or MERS as Appropriate.” However, plaintiff filed a Motion to Substitute Parties Plaintiff on November 25, ■ 2014, which was granted by the trial court.