WICKER, J.
Plaintiffs seek review of a judgment granting a motion to set aside a default judgment. For the following reasons, we find that the judgment appealed is not a final, appealable judgment, and this Court lacks jurisdiction to consider the merits of the appeal. Accordingly, for the reasons stated herein, we dismiss the appeal.
This litigation arises out of a July 21, 2012 motor vehicle accident. Plaintiffs, Carlos and DeShannon Russell, filed suit in 2013 against the defendant-driver, Michael Jones, Riley & Carroll Properties, defendant-driver's employer, and Ernest Riley, the owner of R & C, as well as R & C's alleged liability insurer, State National Insurance Company (SNIC).[1] SNIC made payments initially but subsequently denied coverage and defense filed no responsive pleadings on behalf of Mr. Jones, Mr. Riley, or R & C. At some point in time, counsel for SNIC reported to plaintiffs' counsel that "SNIC had discovered that, at the time of the accident in question, Scottsdale Insurance Company carried general liability insurance coverage for Jones, Riley, and R & C."See Carlos Russell and DeShannon Russell v. Michael G. Jones, et al. , 17-585 (La. App. 5 Cir. 3/12/18), 239 So.3d 1083, 1085. Based on this information, plaintiffs amended *1220 their petition to include Scottsdale Insurance Company as a named defendant.
On June 11, 2015, plaintiffs presented evidence and obtained a default judgment against defendants, Mr. Jones, Mr. Riley, and R & C, in the amount of $154,255.72. On May 5, 2016, SNIC filed a motion to set aside the default judgment, contending that the judgment was an absolute nullity because SNIC-who plaintiffs had identified as a responsible insurer, a named defendant, and an adverse party in the litigation-was never served with notice of the hearing on the motion to confirm the default judgment or of the default judgment as it purports is required under La. C.C.P. art. 1913.[2]
On December 5, 2017, the trial judge, citing a jurisprudentially created "interest of justice" exception set forth in Bridges v. Lyles, 10-1183 (La. App. 3 Cir. 3/9/11), 2011 WL 798940, 2011 La. App. Unpub. LEXIS 125, granted SNIC's motion to vacate the default judgment and vacated the June 11, 2015 default judgment. The record reflects that on January 25, 2018, more than thirty days from the date of the December 5, 2017 judgment, plaintiffs filed a motion for appeal seeking review of the court's December 5, 2017 judgment.[3]
This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid, final judgment. See Input/Output Marine Sys. v. Wilson Greatbatch, Techs., Inc. , 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915. A "final judgment" is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation. La. C.C.P. art. 2083(A) ; Green Tree Servicing, LLC v. Edwards , 17-214 (La. App. 5 Cir. 11/15/17), 232 So.3d 688, 696. A final judgment is a judgment that "determines the merits in whole or in part," and an interlocutory judgment is one that "does not determine the merits but only preliminary matters in the course of the action." La. C.C.P. art. 1841 ; Davis v. Wong , 05-853, p. 3 (La. App. 5 Cir. 3/28/06), 927 So.2d 581, 583.
Upon our review of the record in this matter, we find that the judgment appealed is not a final, appealable judgment. We find that a judgment granting a motion to vacate a default judgment-which maintains the litigation at the trial court level and does not determine in whole or in part the merits of the underlying action-is not a final, appealable judgment.
*1221 Compare Bank of N.Y. v. Holden , 15-466 (La. App. 5 Cir. 12/23/15), 182 So.3d 1206, 1208 (wherein this Court found that a judgment vacating a dismissal of an action as abandoned under La. C.C.P. art. 561, which maintains the action, is an interlocutory judgment). Therefore, we find we do not have jurisdiction to consider the merits of this appeal. Accordingly, we dismiss the appeal and, consequently, further deny as moot the pending "Motion to Reinstate Oral Argument" and "Motion to Strike Appellee Brief" filed in connection with this appeal.
APPEAL DISMISSED; MOTION TO STRIKE DENIED AS MOOT; MOTION TO REINSTATE ORAL ARGUMENT DENIED AS MOOT

Plaintiffs also named their own UM carrier, Progressive Paloverde Insurance Company.

La. C.C.P. art. 1913 in part provides:
A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
B. Notice of the signing of a final default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exception, answer, or other pleading, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
C. Except when the service is required under Paragraph B of this Article, notice of the signing of a final default judgment shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.
D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.

In their appellate brief, appellees assert that plaintiffs first filed in the trial court a notice of intent to apply for a supervisory writ from the judgment at issue and, further, that the trial court set a January 4, 2018 return date. However, these documents are not included in the designated record on appeal.