LILJEBERG, J.
In this concursus proceeding, Patrick Kent Lindsey Jones appeals the trial court's June 18, 2018 judgment, ordering the Clerk of Court to disburse the funds remaining in the registry of the court in this proceeding to Allen Kent Jones. Allen has filed a Motion to Dismiss the appeal, arguing that the judgment at issue is interlocutory and thus, non-appealable. Finding that the judgment at issue is indeed interlocutory, we grant the motion and dismiss this appeal.
This lawsuit was filed as a concursus proceeding concerning the ownership and disbursement of revenues from oil and gas producing wells.[1] Allen Kent Jones and his *959 children, including Patrick Kent Lindsey Jones, were among several parties named as defendants-in-concursus in this matter, after they were identified as possibly having an ownership interest in portions of the property upon which the producing wells were situated. Concursus plaintiffs, Quantum Resources Management, L.L.C. and Milagro Producing, L.L.C., deposited production proceeds from the producing wells attributable to the disputed property into the registry of the court.
The property at issue in this matter was owned by Elizabeth Jones as her separate property until her death in 1989. Although she executed a testament bequeathing all of her property to her surviving spouse, Allen Kent Jones, Louisiana law provided at the time of her death that all children of the deceased, regardless of age, were forced heirs. In a succession proceeding, pursuant to the laws of forced heirship, Allen was placed into possession of half of Elizabeth's interest in and to the subject property in full ownership, and the Jones' three children were placed into possession of the remaining half of her interest in and to the subject property as naked owners, subject to a lifetime usufruct in favor of Allen. Based on their interests in the subject property, Allen, Patrick, and others have asserted claims to portions of the funds deposited into the registry of the court.
In Quantum Resources Management, L.L.C., et al. v. Pirate Lake Oil Corp, et al. , 12-256 (La. App. 5 Cir. 11/13/12), 105 So.3d 867, writ denied , 13-84 (La. 3/8/13), 109 So.3d 361, this Court was called on to determine whether Allen Jones, as usufructuary of the subject property, was entitled to the portion of proceeds in the registry of the court attributable to his children's naked ownership interest in and to the subject property. This Court set forth the pertinent facts involved in the dispute, analyzed the applicable law, and ultimately determined that Allen Jones, "as usufructuary, is entitled to the mineral proceeds deposited into the registry of the court in proportion to the naked owners' interest in and to the subject property." Quantum Resources Management, L.L.C. , 105 So.3d at 874.
After several years and various legal filings, on June 13, 2018, Allen filed a Motion to Disburse Funds in the Registry of the Court. On June 18, 2018, the trial court signed a judgment ordering the Clerk of Court for the 24th Judicial District Court to disburse all funds remaining in the registry of the court in this proceeding to Allen Kent Jones, pursuant to this Court's decision in Quantum Resources Management, L.L.C. , supra , which confirmed that Allen is entitled to the remaining mineral proceeds deposited in the registry of the court.
Patrick filed a Motion for Suspensive Appeal, seeking review of the June 18, 2018 judgment. The trial court granted the motion on June 26, 2018. Thereafter, Allen filed a supervisory writ with this Court seeking review of the Order granting a suspensive appeal in this matter, but this Court denied writs on August 15, 2018. Quantum Resources Management, L.L.C. v. Pirate Lake Oil Corp. , 18-C-417 (La. App. 5 Cir. 8/15/18) (unpublished writ disposition).
On October 25, 2018, Allen filed a Motion to Dismiss Lodged Appeal in this Court. We now address whether the judgment at issue is subject to review under our appellate jurisdiction.
La. C.C.P. art. 2083 provides that a final judgment is appealable in all causes in which appeals are given by law. This *960 article further provides that an interlocutory judgment is appealable only when expressly provided by law. Bank of New York v. Holden , 15-466 (La. App. 5 Cir. 12/23/15), 182 So.3d 1206, 1208 ; Holthausen v. DMartino, L.L.C. , 11-561 (La. App. 5 Cir. 1/4/12), 86 So.3d 639, 642. A final judgment is a judgment that "determines the merits in whole or in part," and an interlocutory judgment is one that "does not determine the merits but only preliminary matters in the course of the action. La. C.C.P. art. 1841 ; Bank of New York , 182 So.3d at 1208.
In the present case, the trial court's judgment ordering the Clerk of Court to disburse all funds remaining in the registry of the court to Allen did not determine the merits of this litigation in whole or in part. Rather, it ordered action pursuant to and in accordance with this Court's prior determination of the merits. Thus, the judgment at issue is not a final judgment.
Patrick argues that this Court has already determined that the judgment is final and appealable, because this Court denied Allen's writ application seeking review of the trial court's order granting Patrick a suspensive appeal. However, a writ denial and the reasons therefor are not authoritative and do not make law. Leblanc v. 1555 Poydras Corporation , 14-610 (La. App. 4 Cir. 12/17/14), 156 So.3d 1222, 1226, writ denied , 15-82 (La. 4/2/15), 163 So.3d 796. The denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of the same question. Bezou v. Bezou , 15-1879 (La. App. 1 Cir. 9/16/16), 203 So.3d 488, 494, writ denied , 16-1869 (La. 12/5/16), 210 So.3d 814 ; Johnson v. Folse , 07-1031 (La. App. 5 Cir. 5/27/08), 986 So.2d 110, writ denied , 08-1377 (La. 9/26/08), 992 So.2d 991.
After further review of this matter, we conclude that the judgment at issue is not a final judgment and thus, it is not appealable. Accordingly, because we lack appellate jurisdiction in this matter, Allen's Motion to Dismiss Appeal is hereby granted, and this appeal is dismissed.
MOTION TO DISMISS GRANTED; APPEAL DISMISSED

Some of the pertinent facts set forth herein were obtained from this Court's decision in Quantum Resources Management, L.L.C., et al. v. Pirate Lake Oil Corp, et al. , infra .